F. EVERETT v. TIDBALL & FULLER.

[FILED JUNE 11, 1892.]

1. **Depositions:** ADMISSIBILITY. Under section 372 of the Code the deposition of a witness may be used only in the following cases: "First—When the witness does not reside in the county where the action or proceeding is pending, or is sent for trial by change of venue, or is absent therefrom. Second—When, from age, infirmity, or imprisonment, the witness is unable to attend the court, or is dead. Third—When the testimony is required upon a motion, or in any other case where the oral examination of a witness is not required."

2. ———: ———. When a deposition is offered to be read in evidence, it must appear to the satisfaction of the court that for any cause specified in section 372 the attendance of the witness cannot be procured. If the witness is openly within the county at the time of the trial and is not prevented by age, infirmity, or imprisonment from appearing in court, his deposition cannot be substituted for his personal presence to give testimony if the adverse party object to such deposition.

3. **Review:** QUESTIONS IGNORED IN MOTION FOR NEW TRIAL.

Where no objection is made in the motion for a new trial that
the verdict is excessive, the objection cannot be considered for
the first time in the supreme court.

4. Drafts : BLANK INDORSEMENT: TRANSFER. A draft payable to
the order of the payee and indorsed in blank by him and deliv-
ered to a third party is thereafter like a negotiable instrument
payable to bearer, and the title will pass by mere delivery.

ERROR to the district court for Cass county. Tried
below before CHAPMAN, J.

*J. H. Haldeman*, and *Byron Clark*, for plaintiff in
error:

The court erred in suppressing the depositions. (*Ables v.
Miller*, 12 Tex., 109; *Waite v. Teeters*, 36 Kan., 606;
*Cook v. Blair*, 50 Ia., 128; *Frink v. Potter*, 17 Ill., 406;
*Johnson v. Sargeant*, 42 Vt., 195; *Gilly v. Singleton*, 3
Litt. [Ky.], 250.) The bill of exchange is not payable to
bearer, but to order, and title could only pass by indorse-
ment of proper person. (*Nicholson v. Barnes*, 11 Neb.,
455.) Thos. E. Hall does not indorse it as the agent of
Hall & Co., but as an individual. (*Nicholson v. Barnes*,
11 Neb., 455.) It is as necessary to prove the indorsement
as it is to prove the signature to a promissory note. (*Crop-
sey v. Averill*, 8 Neb., 156; *Wedderspoon v. Rogers*, 32
Cal., 569; *Rogers v. Ware*, 2 Neb., 43.)

*H. D. Travis*, and *E. H. Wooley*, contra, cited: *Morse
v. Bugbee*, 28 Wis., 683; *Morgan v. Halverson*, 9 Wis.,
247; 11 Parsons, Notes & Bills, 19; *Frank v. Hollands*,
46 N. W. Rep. [Ia.], 979; *McLaughlin v. Sandusky*, 17
Neb., 112.

MAXWELL, CH. J.

This action was brought upon a draft, of which the fol-
lowing is a copy:

"$200.     Hall & Co., Kansas City, Mo.
                "Weeping Water, Nov. 8, 1889.

"May 1st after date pay to the order of Thos. E. Hall $200, with exchange, and ten per cent interest from date if not paid when due, value received, and charge to the account of                                          Hall & Co.

                                    "By Thos. E. Hall.

"To F. F. Everett, Weeping Water, Neb."

This was accepted by Everett, the acceptance being stamped upon the face of the draft, and signed by Everett. The original draft is before us, and in view of the character of the defense the stamp mark on the face of the draft is material evidence.   The defense of Everett is, that the words "and ten per cent interest from date if not paid when due" have been inserted in the draft since he accepted the same.

On the trial of the cause the jury returned a verdict in favor of Tidball & Fuller for the sum of $234.45, upon which judgment was rendered.

It is claimed that the court erred in suppressing the deposition of one Fred W. Cross.   Mr. Cross, in his own deposition, shows that he was a resident of Cass county, Nebraska, but temporarily absent attending school at Quincy, Illinois.   The testimony also shows that for some time before the trial the witness had been present in Cass county, and had he been subpœnaed he could have been produced as a witness.

Section 372 of the Code provides: "The deposition of any witness may be used only in the following cases : First—When the witness does not reside in the county where the action or proceeding is pending, or is sent for trial by change of venue, or is absent therefrom.   Second —When, from age, infirmity, or imprisonment, the witness is unable to attend the court, or is dead.   Third—When the testimony is required upon a motion, or in any other case where the oral examination of a witness is not required.

"Sec. 386. When a deposition is offered to be read in evidence, it must appear to the satisfaction of the court that for any cause specified in section 372 the attendance of the witness cannot be procured."

By these sections it devolves upon the party offering to read the deposition to show that for at least one of the causes mentioned in section 372 the witness cannot be produced. It is the right of the adverse party to have the witness produced in court, unless for some of the causes mentioned above he cannot be present. The appearance of the witness, his manner of testifying, his apparent fairness or interest or bias in the case are facts for the consideration of the jury in judging of the credibility of the witness. In addition to these, in case the witness testifies to a willful falsehood, he may more readily be prosecuted for perjury where the parties reside and the facts are known than at some distant point, perhaps in another state. The Code, therefore, requires a party who offers to read a deposition to show to the court that the witness himself could not for some of the causes stated be produced. There was no error therefore in suppressing the deposition.

2. That the verdict is unformed, irregular, and the same is excessive, as well as the judgment. It is sufficient to say that no objection of this kind is made in the motion for a new trial, and, therefore, it cannot be considered here for the first time.

3. That the court erred in admitting the draft in evidence. The answer in effect admits the making and delivery of the draft, but pleads as a defense thereto that it was altered in a material part. The draft was payable to the order of Thos. E. Hall as an individual, and was by him indorsed in blank and delivered to B. A. Gibson. Being thus indorsed, it was transferable thereafter by mere delivery. In an early case on this point, *Peacock v. Rhodes*, 2 Doug. [Eng.], 633, Chief Justice Mansfield said:

" I see no difference between a note indorsed in blank and one payable to bearer.    They both go by delivery, and possession proves property in both cases." (2 Parsons, Notes & Bills, 19 ; 1 Daniel, Neg. Inst., secs. 663–665 ; 3 Kent's Com., 89, and cases cited.)    The indorsement is not denied in the answer.    There was no error, therefore, in receiving the evidence.

There are other errors assigned which need not be reviewed at length.

As heretofore stated, the original draft is in the bill of exceptions.  This plainly shows the stamp by which Everett accepted the draft, *over* the words which he claims were inserted after the acceptance, and that both he and his witnesses are mistaken.    In addition to this, the undisputed testimony establishes the fact that Mr. Everett examined the draft at least twice after it became due and promised to pay the same, but desired further time, and the defense of alteration was not made till about the time suit was spoken of.    Where a negotiable instrument is not to draw interest until maturity if paid at that time, but with interest from date if not then paid, the proposed interest is in the nature of a penalty, and it is doubtful if any recovery could be had for the same.    After the draft became due, of course it would draw interest at seven per cent, but neither of these questions is presented by the record.

Upon the whole case it is evident that the verdict is the only one that could be sustained.    The judgment is right and is

AFFIRMED.

THE other judges concur.