## GEORGE F. MUNRO v. DELIA A. CALLAHAN.

### FILED SEPTEMBER 19, 1894.  No. 5505.

1. **Bastardy**: JURISDICTION OF JUSTICE OF THE PEACE. A justice of the peace has no jurisdiction to try and determine the guilt or innocence of a party charged with being the father of a bastard child.

2. **A bastardy proceeding** is essentially a civil proceeding, and can only be tried on its merits in the district court.

3. **Bastardy**: EXAMINATION BEFORE JUSTICE OF THE PEACE: EVIDENCE. The examination by a justice of the peace of a person charged with being the father of a bastard child is in no sense a trial of the merits of the controversy; and the statute does not contemplate the taking of any testimony in such proceeding on behalf of the party accused. *Daly v. Melendy*, 32 Neb., 852, followed and reaffirmed.

4. **The deposition of a witness, who resides in the county** where an action originated and is being tried, cannot be read in evidence until it is made to appear that such witness is absent from the county, or by reason of age, infirmity, imprisonment, or death is unable to attend in person at the trial. *Everett v. Tidball*, 34 Neb., 803, followed and reaffirmed.

ERROR from the district court of Douglas county. Tried below before DAVIS, J.

*Saunders & Macfarland*, for plaintiff in error.

*John F. Cromelien* and *Gurley & Marple*, contra.

RAGAN, C.

On the 26th day of October, 1891, Miss Delia A. Callahan swore out a complaint before A. J. Hart, a justice of the peace in and for Douglas county, against George F. Munro, charging him with being the father of her unborn bastard child. The justice of the peace in due time proceeded to a hearing of the complaint against Munro, found

58

him not guilty, and discharged him. Subsequently Miss Callahan swore out another complaint before another justice of the peace against Munro, charging him with being the father of her unborn bastard child. A change of venue was taken from this latter justice to another, where an examination of Munro on said charge was had, which resulted in the justice binding Munro in a recognizance to appear at the next term of the district court to answer the charge preferred by Miss Callahan. On the examination of Munro by this last named justice he offered to testify on his own behalf, but the testimony was refused by the justice. In May, 1892, Munro was tried in the district court on the charge of being the father of Miss Callahan's bastard child, found guilty of the charge by the jury, and from the judgment pronounced against him in that action he prosecutes a petition in error to this court.

1. The errors assigned and argued in the brief are as follows: On the trial in the district court Munro pleaded, in bar to the action, the proceedings had before Justice Hart, resulting in his discharge. The refusal of the district court to sustain this plea is the first error assigned here. The contention of counsel for Munro is that the proceeding had before the justice of the peace was a trial of Munro for the offense of which he was convicted in the district court, and as he was acquitted by the justice of the peace, that he could not be tried again. A justice of the peace has no jurisdiction to try and determine the guilt or innocence of a party charged with being the father of a bastard child; and the judgment of a justice of the peace that a person charged with being the father of a bastard child is guilty or innocent of the offense is a nullity. The duties of a justice of the peace in such cases are prescribed by chapter 37 of the Compiled Statutes, 1893, entitled "Illegitimate Children," and are, for the most part, ministerial. He may receive the complaint, docket the case, issue his warrant, and cause the arrest of the party accused,

and take in writing the examination of the complainant; and then, unless the party charged shall pay or secure to the complainant such sum of money or property as she may agree to receive in full satisfaction, and give bond to the county commissioners of the county in which such complainant resides, to save such county free from all charges towards the maintenance of such child, the justice must bind such accused party in a recognizance to the district court. A bastardy proceeding is essentially a civil proceeding and can only be tried on its merits in the district court.

2. In the district court Munro filed a motion to dismiss the proceeding for the reason that in the examination had before the justice of the peace, who recognized him to appear in the district court, such justice refused to allow him, Munro, to testify in his own behalf. The overruling of this motion by the district court is the second error assigned here. The examination by a justice of the peace of a person charged with being the father of a bastard child is in no sense a trial of the merits of the controversy. The statute on the subject does not contemplate the taking of any testimony on behalf of the party accused. (*Daly v. Melendy*, 32 Neb., 852; Compiled Statutes, 1893, sec. 1, ch. 37.)

3. On the trial in the district court Munro offered to read in evidence in his own behalf, the deposition of one Stockman. Stockman was a resident of Douglas county. The refusal of the district court to permit this deposition to be read is the third error assigned here. Section 372 of the Code of Civil Procedure provides: "The deposition of any witness may be used only in the following cases: First—When the witness does not reside in the county where the action or proceeding is pending, or is sent for trial by change of venue, or is absent therefrom. Second— When, from age, infirmity, or imprisonment, the witness is unable to attend the court, or is dead. Third—When

the testimony is required upon a motion, or in any other case where the oral examination of a witness is not required." The witness Stockman resided in Douglas county, where this case was on trial. Munro made no proof, at the time he offered this deposition, that Stockman was absent from said Douglas county, or that by reason of age, infirmity, imprisonment, or death Stockman was unable to attend in person at the trial. The court, then, committed no error in excluding this deposition. (*Everett v. Tidball,* 34 Neb., 803.)

4. The fourth error alleged is that the court erred in giving paragraph No. 4 of its charge to the jury. We cannot review this error, if error it was, because not assigned as an error in the petition in error filed in this court.

5. The fifth error assigned is that the court erred in refusing to give instructions 2 and 3 asked for by the plaintiff in error. We cannot review this assignment, because no exception was taken by Munro to the refusal of the district court to give these instructions.

6. The sixth assignment is that the district court erred in overruling Munro's motion for a continuance of the case. We cannot review this ruling of the district court, because it is not assigned as error in the petition in error filed here.

7. The seventh assignment of error alleged in the brief of counsel is that the verdict is unsustained by the evidence. The evidence is very conflicting, and without quoting it or any of it here, it must suffice to say that it supports the finding of the jury.

The judgment of the district court must be, and is,

AFFIRMED.