DANIEL S. CURTIS ET AL., APPELLEES, v. CITY OF SOUTH OMAHA ET AL., APPELLANTS.

FILED FEBRUARY 4, 1903. No. 12,129.

Commissioner's opinion, Department No. 3.

City Council: BOARD OF EQUALIZATION: NOTICE: RECORD: VOID ASSESSMENTS. Notice of the meeting of a city council, as a board of equalization, recites that they would thus meet, in Pivonka Block, in the city, on three certain days from 9 A. M. to 5 P. M. The record shows a meeting on the first of such days, and no further meeting until 7 P. M. of the third day and that one of such meetings was held at the office of the city clerk, the other at the council chambers. *Held*, That there was no valid equalization, and that assessments levied in pursuance thereof are void.

APPEAL from the district court for Douglas county. Case is stated in the opinion. Heard below before FAW-CETT, J. Judgment for plaintiffs. *Affirmed.*

*W. C. Lambert*, for appellants.

*A. H. Murdock, contra.*

ALBERT, C.

This action was brought to restrain the collection of certain special assessments levied against the property of the plaintiffs for paving, curbing and sewerage, on the

Syllabus by court; catch-words by editor.

ground that such assessments are illegal and void. The court granted the relief prayed, and the defendants bring the case here on appeal.

The plaintiffs contend that there was no valid equalization of any of the assessments, and that they are void for that reason. The record shows two attempts at equalization. The notice of the first is to the effect that the council would meet, as a board of equalization, for the purpose of equalizing the sewer assessments, at Pivonka Block, South Omaha, on the 15th, 16th and 18th days of September, 1893, from 9 A. M. to 5 P. M. The record of this attempt at equalization shows a meeting of the board, held at the office of the city clerk, September 15, 1893; that such meeting adjourned, without the transaction of any business, to September 18 at 7 P. M.; that on September 18 the board met at the council chambers and adjourned without taking any action. The notice of the second attempt at equalization is to the effect that the council would meet as a board of equalization on the 13th, 14th and 16th days of October, 1893, from 9 A. M. to 5 P. M., for the purpose of equalizing the paving and curbing assessments. The history of that attempt, as shown by the record, is precisely the same as that of the former attempt, so that it is unnecessary to detail it. The statute requires notice of the time and place of such meetings.. Such notice, when thus required, is an indispensable prerequisite to a valid levy. *Wakeley v. City of Omaha,* 58 Nebr., 245, and cases cited. There can be but one object in requiring such notice, and that is to enable those interested to know when and where the board meets to equalize the assessments. That being true, that the board meet at the time and place specified is just as essential as the notice itself. In this case, each of the notices gave those interested to understand that the board would be in session for three days, in Pivonka Block, from 9 A. M. to 5 P. M. Those interested had a right to rely on that notice and to expect to find the board in session at such place on any one of those three days, between the hours specified. Instead

of that, so far as appears from the record, the board only met on one day between the hours of 9 A. M. and 5 P. M., omitted one whole day, and did not meet until 7 P. M. of the third day. Furthermore, the notice named Pivonka Block as the place of meeting. The record shows the meetings were held at the office of the city clerk and at the council chambers. There is no presumption that Pivonka Block, the clerk's office and the council chambers are all one and the same place. These irregularities are jurisdictional, and their existence precludes all idea of a valid levy. *John v. Connell,* 61 Nebr., 267. In this view of the case, it is unnecessary to consider the other objections urged against the validity of the assessments.

It is recommended that the decree of the district court be affirmed.

Duffie and Ames, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.