IN THE MATTER OF THE APPLICATION OF CARL W. ROZGALL, PETITIONER AND APPLICANT, FOR A WRIT OF HABEAS CORPUS, APPELLEE, v. WILLIAM H. DORRANCE, SHERIFF OF DOUGLAS COUNTY, NEBRASKA ET AL., APPELLANTS·

23 N. W. 2d 85

FILED MAY 17, 1946. No. 32035.

*Kelso Morgan* and *Louis T. Carnazzo*, for appellants.
*Grenville P. North*, for appellee.
Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

This is a habeas corpus case and involves primarily the construction and validity of Chapter 81, Laws 1941, p. 322, which now appear as sections 13-101 to 13-116, inclusive, R. S. 1943.

In conformity with section 13-113, R. S. 1943, a complaint was filed in the county court of Douglas County by an unmarried woman stating on oath that petitioner, Carl W. Rozgall, made defendant therein, was the father of her child born out of wedlock. A warrant was duly issued and being thereby apprehended petitioner was brought before the county court to answer the complaint. On April 18, 1945, in conformity with section 13-114, R. S. 1943, the county judge entered the following order: "Defendant appeared and hearing had. The Court finds that no agreement has been made between the complaining witness and the defendant for the support of said child and therefore it is ordered that the defendant be held for trial to answer said charge at the next term of the District Court and his bond is fixed at $500.00 and in default of bond defendant is remanded to the custody of the Sheriff of Douglas County, Nebraska."

On the same date petitioner filed this action in the district court for Douglas County against respondents, praying for a writ of habeas corpus and discharge from custody upon the alleged grounds that the proceedings had in the county court were void because the statute authorizing them was unconstitutional and because petitioner having been charged with a crime was not given a preliminary hearing with subsequent finding of probable cause.

The petition contained a copy of the statutory complaint filed, warrant issued with return, and final order of the

county judge. The trial court forthwith issued a writ of habeas corpus. Respondents by return to the writ admitted the filing of the complaint, issuance of warrant, apprehension and detention of defendant under the order of the county judge, as alleged by petitioner, but asserted that the proceedings were valid and being civil in character no finding of probable cause was necessary, as required in felony cases. After a hearing the trial court in its judgment simply found and adjudged without elaboration of reasons that petitioner was unlawfully imprisoned by respondents and ordered him discharged from custody. Respondents appealed to this court assigning as error substantially that the judgment of the trial court was contrary to law.

There is no bill of exceptions and respondents did not file a motion for new trial. In the absence of such a motion the only question presented for decision is whether plaintiff's petition stated a cause of action in support of the judgment entered. It has long been the rule in this jurisdiction that "When it is sought to review the judgment of a district court, no motion for a new trial having been filed, this court will look into the record to ascertain if the pleadings state a cause of action or defense and support the judgment or decree accordingly, but it will not go back of the verdict rendered by the jury or findings of fact made by the trial court to review anything done or any proceedings had." Tait v. Reid, 91 Neb. 235, 136 N. W. 39.

Bearing the above rule in mind, we have examined the petition filed by petitioner and conclude that it did not state a cause of action or support the judgment of the trial court, therefore, respondents' assignment must be sustained.

It is argued by petitioner that the trial court did not pass upon constitutionality of the act, since that was unnecessary, but only determined that the county court never had jurisdiction, therefore, the district court could have none for trial on the merits. We are unable to agree with that contention because the decree of the trial court did

not so recite and if all facts well pleaded in the petition, as distinguished from conclusions of law, are admitted the county court had jurisdiction over the subject matter and the person of petitioner, who was lawfully in custody at all times involved, unless the act was held to be unconstitutional or a preliminary hearing with finding of probable cause was held to be jurisdictional. Of necessity then both questions are presented for decision.

In giving construction to sections 13-113 and 13-114, R. S. 1943, primarily involved, and determining the validity of the proceedings at bar, we are required, contrary to the contention of petitioner, to examine all provisions of the act as distinguished from its separate parts. It has been aptly stated that "In construing a statute, the legislative intention is to be determined from a general consideration of the whole act with reference to the subject matter to which it applies and the particular topic under which the language in question is found, and the intent as deduced from the whole will prevail over that of a particular part considered separately." 59 C. J., Statutes, § 594, p. 993. It has also been stated with authority that "Provided always that the interpretation is reasonable and not in conflict with the legislative intent, it is a cardinal rule of construction of statutes that effect must be given, if possible, to the whole statute and every part thereof. To this end it is the duty of the court, so far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. Just as an interpretation which gives effect to the statute will be chosen instead of one which defeats it, so an interpretation which gives effect to the entire language will be selected as against one which does not." 59 C. J., Statutes, § 595, p. 995. See, also, Drainage District No. 1 of Lincoln County v. Kirkpatrick-Pettis Co., 140 Neb. 530, 300 N. W. 582.

It will be noted upon examination that, among other things, the act specifically and comprehensively provides three correlated and cumulative methods by which liability for support of a "child born out of wedlock" may be judi-

cially determined and enforced or discharged. Substantially it provides (1) that support may be enforced by an equitable proceeding in certain cases after paternity is first acknowledged or judicially established; (2) that paternity may be established and support imposed by proceedings wherein a petition is filed in the district court with issue of summons, as in other civil proceedings; or (3) the filing, as in the case at bar, of a complaint on oath before any justice or judge and issuance of warrant for arrest of the accused with opportunity there offered forthwith, after apprehension, to answer and settle with complainant by agreement, but upon failure to do so the justice or judge is required to bind the accused in a recognizance with security in a sum not less than $500, for the benefit of the county in which such child is born out of wedlock, to appear at the next term of the district court there to answer the accusation and abide the order of the court. In such cases upon neglect or refusal to find such security, as happened in this case, the justice or judge is required to commit the defendant to the county jail, there to be held to answer the complaint.

In addition to the foregoing, section 13-116, R. S. 1943, of the act specifically provides in effect that a person who willfully fails to obey any judicial order or decree for support shall be guilty of desertion and punished in the manner provided by sections 28-446 to 28-448, R. S. 1943. It will be observed, however, that section 13-116, R. S. 1943, is not involved in any manner in these proceedings.

In comparing the present act with chapter 9, Comp. St. 1929, all of which chapter 81, Laws 1941, p. 322, repealed, it is apparent at once that virtually all of the provisions thereby repealed were reenacted in one form or another as a part of the new and additional provisions contained therein. As a matter of fact, sections 9-101 and 9-103, Comp. St. 1929, are almost identical with sections 13-113 and 13-114, R. S. 1943, about which petitioner primarily complains. The latter simply eliminated a part of one sentence which provided for an examination of complainant under oath by the

justice in the presence of the accused and permitted the accused to also question the complainant, all of which was required to be reduced to writing by the justice. It will be noted that chapter 9, Comp. St. 1929, became statutory law by virtue of the adoption of Laws 1875, p. 53, and its provisions have since been construed, upheld, and enforced by this court in many cases.

Petitioner first alleges and contends that the new act contravenes section 14, art. III, of the Constitution of Nebraska, which provides "No bill shall contain more than one subject, and the same shall be clearly expressed in the title." We deem it unnecessary to repeat the lengthy title of the act in this opinion. Suffice it to say, the subject matter of the act is "children born out of wedlock" and its object and purpose is to provide for the support and maintenance of such a child by its mother or its putative father and indemnify the public against such liability.

This court has stated that "The constitutional provision does not require that the title be a synopsis of the law. The purpose of the constitutional inhibition was to prevent surreptitious legislation by advising legislators of the nature of the measures they are called upon to support or oppose. If by a fair and reasonable construction the title calls attention to the subject-matter of the bill, it may be said that the object is expressed in the title." Lennox v. Housing Authority of the City of Omaha, 137 Neb. 582, 290 N. W. 451.

In Maher v. State, 144 Neb. 463, 13 N. W. 2d 641, this court held that "The provisions of the Constitution relating to titles are to be liberally construed, and so construed as to admit of the insertion in a legislative act of all provisions which, though not specifically expressed in the titles, are comprehended within the objects and purposes of the act as expressed in its title; and to admit all provisions which are germane, and not foreign, to the provisions of the act as expressed in its title." We conclude that the title to chapter 81, Laws 1941, p. 322, is not defective and does not contravene section 14, art. III, of the Consti-

·tution of Nebraska.

Petitioner next alleges and contends that the act is in violation of section 3, art. I, of the Constitution of Nebraska, which provides "No person shall be deprived of life, liberty, or property, without due process of law," and, section 13, art. I, of the Constitution of Nebraska, which provides "All courts shall be open, and every person, for any injury done him in his lands, goods, person or reputation, shall have a remedy by due course of law, and justice administered without denial or delay."

In Cowan v. State, 140 Neb. 837, 2 N. W. 2d 111, it was stated: "Due process of law requires only that the accused be given sufficient notice of the nature of the charge against him in order that he may prepare a defense and plead the judgment as a bar to any subsequent prosecution for the same offense." A mere reading of the act in the light of that statement discloses that it provides due process with a remedy in courts by due course of law with justice administered without denial or delay. Therefore, we conclude that the act does not contravene either of the above sections of the Constitution which also disposes of petitioner's contention that the act contravenes section 1, art. XIV, of the Constitution of the United States.

It is also alleged and contended by petitioner that the act is violative of section 6, art. I, of the Constitution of Nebraska, which provides that "The right of trial by jury shall remain inviolate, * * *." The answer to that contention is that section 13-112, R. S. 1943, specifically provides for a jury trial in the district court if requested by any putative father who is made a defendant in such proceedings.

Other allegations and contentions of petitioner that the act contravenes sections 7, 10, and 11, art. I, of the Constitution of Nebraska, are based upon the theory that filiation proceedings are criminal in character. In that connection this court has held that "In this state all public offenses are statutory; no act is criminal unless the legislature has in express terms declared it to be so; * * *."

Dutiel v. State, 135 Neb. 811, 284 N. W. 321. The fact is that filiation proceedings, such as are involved in this case, are criminal in form at their inception for the purpose of service of process and obtaining jurisdiction over the subject matter and the person of defendant but actually they are essentially civil in character.

The preliminary proceedings before a justice or judge are in no sense a trial of the merits. His duties as examining magistrate are for the most part ministerial. He may receive the complaint, docket the case, issue his warrant, and cause the arrest of the accused who is forthwith brought before him to answer the complaint. Unless the party charged then pays or secures to be paid complainant such sum of money or property as complainant may agree to receive in full satisfaction and shall further give bond to the county board in which such complainant resides, conditioned to save such county from all charges toward the maintenance of the child, it is mandatory that the justice or judge by order bind the accused in a recognizance with sufficient security to appear at the next term of the district court to answer the complaint and abide the order of the court thereon, or upon failure by defendant to find such security, to cause the accused to be committed to the county jail of the county, there to be held to answer such complaint in the district court. The justice or judge obtains jurisdiction over the subject matter and the person of defendant for the above purposes by the initial filing of a proper complaint, the issuance of warrant for his arrest, and its execution.

The trial on the merits is delegated entirely to the district court which acquires jurisdiction by the filing with the clerk of the district court of a transcript of the proceedings before the justice or judge, which discloses that the proceedings before him were based on a proper complaint, issuance of warrant, arrest of the accused, and that an appropriate order was entered binding defendant to appear and answer or committing him to the county jail, there to be held to answer the complaint at the next term of

the district court. There is no contention in the case at bar that such a transcript was not filed by the county judge with the clerk of the district court. Of necessity no such contention could be made for the reason that this habeas corpus action was filed on the very day of petitioner's commitment.

In cases like the one involved in this action the summary criminal statutory forms and procedure, by which jurisdiction is obtained over the subject matter and the person in both courts, are borrowed from the criminal law for civil purposes. However, after the case is lodged in the district court by virtue of such process the trial proceeds as in other civil actions, except as otherwise specifically provided by statute. It is elementary that one charged with a felony is entitled to a preliminary hearing and a finding of probable cause but such a hearing and finding are jurisdictional only where such a statutory crime has been charged. A preliminary hearing with finding of probable cause is not necessary or required in a filiation proceeding because it does not come within that category.

Many cases from this jurisdiction, beginning as early as 1879, support the propositions of law above set forth. See Cottrell v. State, 9 Neb. 125, 1 N. W. 1008; Ex Parte Cottrell, 13 Neb. 193, 13 N. W. 174; Altschuler v. Algaza, 16 Neb. 631, 21 N. W. 401; Ex Parte Donahoe, 24 Neb. 66, 38 N. W. 28; Strickler v. Grass, 32 Neb. 811, 49 N. W. 804; Munro v. Callahan, 41 Neb. 849, 60 N. W. 97; Stoppert v. Nierle, 45 Neb. 105, 63 N. W. 382; In re Application of Walker, 61 Neb. 803, 86 N. W. 510; Gatzemeyer v. Peterson, 68 Neb. 832, 94 N. W. 974; Campion v. Gillan, 79 Neb. 364, 112 N. W. 585; State v. Noxon, 96 Neb. 843, 148 N. W. 903; Brown v. Echtenkamp, 130 Neb. 297, 264 N. W. 757; Morgan v. Stone, 4 Neb. (Unof.) 115, 93 N. W. 743. A pertinent discussion of such proceedings will also be found in 7 C. J., Bastards, §§89 to 96 inclusive, pp. 980 to 982 inclusive, and 10 C. J. S., Bastards, §§ 61 to 69 inclusive, pp. 156 to 162 inclusive.

We conclude that it affirmatively appears in the case at

bar that petitioner was at all times involved lawfully in the custody of respondents under an order of the county judge, which was in due and legal form, thereby holding him in jail to answer a proper statutory complaint in the district court at the next term thereof. In such a situation he could not lawfully be released on habeas corpus because he was lawfully detained by virtue of proceedings which were not void but valid in every respect.

For the reasons heretofore stated, the judgment of the trial court is reversed and remanded for further proceedings in conformity with this opinion.

REVERSED AND REMANDED.