FAYE SPRACKLIN, APPELLANT, V. GORDON E. SPRACKLIN,
PERSONAL REPRESENTATIVE OF THE ESTATE OF
EUGENE G. SPRACKLIN, APPELLEE.

___ N.W.2d ___

Filed September 10, 2013.    No. A-12-834.

1. **Summary Judgment: Appeal and Error.** In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.
2. **Summary Judgment.** Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue of material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.
3. **Statutes: Appeal and Error.** Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below.
4. **Motor Vehicles: Words and Phrases.** The term "affinity," as it is used in Neb. Rev. Stat. § 25-21,237 (Reissue 2008), is defined as the relationship which arises as a result of the marriage contract between one spouse and the blood relations of the other.
5. **Motor Vehicles.** Pursuant to the language of Neb Rev. Stat. § 25-21,237 (Reissue 2008), a driver who is the father-in-law of his passenger is related to the passenger within the second degree of affinity.
6. **Statutes.** In construing the meaning of a statute, a court must examine the statutory section as a whole, rather than focusing on individual, separate parts of the statute.

Appeal from the District Court for Douglas County: KIMBERLY MILLER PANKONIN, Judge. Affirmed.

Ralph E. Peppard, of Peppard Law Office, for appellant.

Thomas A. Grennan and Abbie M. Schurman, of Gross & Welch, P.C., L.L.O., for appellee.

INBODY, Chief Judge, and IRWIN and MOORE, Judges.

IRWIN, Judge.

# I. INTRODUCTION

Faye Spracklin appeals an order of the district court for Douglas County, Nebraska, granting summary judgment to Gordon E. Spracklin, the personal representative of the estate

of Eugene G. Spracklin, deceased. In granting summary judgment, the court determined that Faye's negligence suit, which arose from an automobile accident involving Faye and Eugene, was barred as a matter of law by the Motor Vehicle Guest Statute, Neb. Rev. Stat. § 25-21,237 (Reissue 2008). We find no error in the court's determination, and we affirm.

## II. BACKGROUND

The facts in this case are undisputed. On September 15, 2009, Faye was a passenger in a vehicle driven by Eugene when the vehicle was involved in an accident. Faye suffered injuries in the automobile accident. At the time of the accident, Faye was married to Gordon, Eugene's son, and as a result, Eugene was Faye's father-in-law. Eugene is now deceased.

On May 1, 2012, Faye filed a complaint in district court. In the complaint, Faye alleged that Eugene was careless, reckless, and negligent in his operation of the vehicle on September 15, 2009, and that he was responsible for the accident which occurred. Faye also alleged that she suffered "permanent injuries" as a result of the accident. Faye asked that the district court order Gordon, as the personal representative of Eugene's estate, to compensate her for her medical expenses, her lost wages, and her permanent disability.

Gordon filed an answer to Faye's complaint on June 11, 2012. In his answer, Gordon admitted that Faye and Eugene were involved in an automobile accident on September 15, 2009, but denied that Eugene was careless, reckless, or negligent and denied that Eugene was responsible for the accident. Gordon also provided "affirmative defenses" to Faye's claims. Gordon alleged that Faye's claim was "barred by operation of the Nebraska Guest Statute" and that as result of the guest statute, Faye had failed to state a claim upon which relief could be granted.

Subsequently, Faye filed a motion for partial summary judgment and Gordon filed a motion for summary judgment. Both parties' motions asked the district court to determine whether the Motor Vehicle Guest Statute, § 25-21,237, prohibited Faye from recovering damages from Eugene's estate.

Section 25-21,237 controls this case. We note that § 25-21,237 has been repealed by the Legislature. See 2010 Neb. Laws, L.B. 216. However, in September 2009, when the automobile accident involving Faye and Eugene occurred, the statute was still in effect. In September 2009, § 25-21,237 provided:

> The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person related to such owner or operator as spouse or within the second degree of consanguinity or affinity who is riding in such motor vehicle as a guest or by invitation and not for hire, unless such damage is caused by (1) the driver of such motor vehicle being under the influence of intoxicating liquor or (2) the gross negligence of the owner or operator in the operation of such motor vehicle.
>
> For the purpose of this section, the term guest is hereby defined as being a person who accepts a ride in any motor vehicle without giving compensation therefor but shall not be construed to apply to or include any such passenger . . . as a prospective purchaser. Relationship by consanguinity or affinity within the second degree shall include parents, grandparents, children, grandchildren, and brothers and sisters. Should the marriage of the driver or owner be terminated by death or dissolution, the affinal relationship with the blood kindred of his or her spouse shall be deemed to continue.

In August 2012, a hearing was held on the parties' motions for summary judgment and, thus, on the applicability of § 25-21,237 to the facts of this case. At the hearing, the parties submitted a joint stipulation into evidence. The parties stipulated to all of the pertinent facts surrounding the September 2009 automobile accident, as we detailed above. In addition, the parties stipulated that on September 15, Faye did not pay any money to Eugene for the purpose of transporting her in his vehicle and Eugene was not under the influence of any intoxicating liquor. At the hearing, the parties also indicated that there was no allegation of any "gross negligence." Essentially, the only question presented at the summary judgment hearing was whether Faye was "related to" Eugene and,

as a result if so, was a "guest passenger" who was prohibited from recovering damages from Eugene pursuant to the language of § 25-21,237.

After the hearing, the district court entered an order finding that Faye was "related to" Eugene pursuant to § 25-21,237 and that as a result, she was the type of "guest" described by the statute and was barred from recovering damages for the injuries she incurred in the September 2009 automobile accident. In finding that Faye and Eugene were related pursuant to § 25-21,237, the court indicated that "affinity" is defined as "'the relationship which arises as the result of the marriage contract between one spouse and the blood relations of the other, in contradistinction from consanguinity or relationship by blood. . . .'" The court then specifically found, "Since 'affinity' is a relationship arising from marriage, Faye . . . was 'within the second degree of . . . affinity' with the driver of the vehicle, [Eugene]." The court granted Gordon's motion for summary judgment, overruled Faye's motion for partial summary judgment, and dismissed the case with prejudice.

Faye appeals from the district court's order.

### III. ASSIGNMENTS OF ERROR

On appeal, Faye alleges that the district court erred in granting Gordon's motion for summary judgment and in denying her motion for partial summary judgment. The basis for Faye's assignments of error is her assertion that the district court incorrectly interpreted § 25-21,237 to prohibit her recovery of any damages resulting from the September 2009 automobile accident.

### IV. STANDARD OF REVIEW

[1,2] In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Pinkard v. Confederation Life Ins. Co.*, 264 Neb. 312, 647 N.W.2d 85 (2002). Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue

of material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. See, *id*.; *Trueblood v. Roberts*, 15 Neb. App. 579, 732 N.W.2d 368 (2007).

[3] Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *State ex rel. City of Elkhorn v. Haney*, 252 Neb. 788, 566 N.W.2d 771 (1997).

## V. ANALYSIS

The only question presented by this appeal is whether, pursuant to the language of § 25-21,237, Faye was "related to" Eugene at the time of their automobile accident and, as a result if so, was a guest passenger who is prohibited from recovering damages for the injuries she sustained in that accident. As we stated above, § 25-21,237 provided that a guest passenger is someone who is related to the owner or operator of a motor vehicle "as spouse or within the second degree of consanguinity or affinity." The statute goes on to define these terms as follows: "Relationship by consanguinity or affinity within the second degree shall include parents, grandparents, children, grandchildren, and brothers and sisters."

Faye and Eugene were connected by virtue of Faye's marriage to Gordon, Eugene's son. To be more specific, Eugene was Faye's father-in-law and, along those same lines, Faye was Eugene's daughter-in-law. It is clear, then, that Faye and Eugene were not related as spouses or within the second degree of consanguinity, as they were not blood relatives. As such, in order for Faye and Eugene to have been related pursuant to the language of § 25-21,237, they must have been related within the second degree of affinity.

The Nebraska Supreme Court and this court have previously defined affinity as it relates to other statutory provisions. In *Zimmerer v. Prudential Ins. Co.*, 150 Neb. 351, 34 N.W.2d 750 (1948), the Supreme Court defined affinity as it was used in Neb. Rev. Stat. § 24-315 (Reissue 1964) (now codified at Neb. Rev. Stat. § 24-739 (Reissue 2008)), a statute which concerned when a trial judge was disqualified from presiding over

certain proceedings. Section 24-315 provided, in pertinent part: "A judge or justice is disqualified from acting as such in the county, district or Supreme Court, except by mutual consent of the parties, in any case . . . where he is related to either party by consanguinity or affinity within the fourth degree . . . ." The court ultimately defined affinity as "the relationship which arises as a result of the marriage contract between one spouse and the blood relations of the other, in contradistinction from consanguinity or relationship by blood." *Zimmerer v. Prudential Ins. Co.*, 150 Neb. at 353, 34 N.W.2d at 751. The court went on to find that the trial judge had a "relationship of affinity" with his wife's brother. *Id*.

Similarly, in *State v. Vidales*, 6 Neb. App. 163, 571 N.W.2d 117 (1997), this court discussed the term "affinity" as it is used in § 24-739(1), which concerns judicial disqualification. Section 24-739 provides, in pertinent part:

A judge shall be disqualified from acting as such in the county court, district court, Court of Appeals, or Supreme Court, except by mutual consent of the parties . . . in the following situations:

(1) In any case in which (a) he or she is a party or interested, (b) he or she is related to either party by consanguinity or affinity within the fourth degree, (c) any attorney in any cause pending in the county court or district court is related to the judge in the degree of parent, child, sibling, or in-law or is the copartner of an attorney related to the judge in the degree of parent, child, or sibling . . . .

In *State v. Vidales*, we noted that affinity is a relationship created by marriage. In addition, we concluded that the terms "'in-laws'" and "'affinity'" are essentially interchangeable. *Id*. at 170, 571 N.W.2d at 122.

[4] The term "affinity" has never been specifically defined as it was used in § 25-21,237. However, we now explicitly adopt the definition espoused by the Supreme Court in *Zimmerer v. Prudential Ins. Co., supra*, and apply it to the term "affinity" as it was used in the Motor Vehicle Guest Statute. The term "affinity," as it is used in § 25-21,237, is defined as the relationship which arises as a result of the marriage contract

between one spouse and the blood relations of the other. We also find that based on this definition, the term "in-laws" can be used interchangeably with the term "affinity."

[5] Applying this definition of affinity to the facts of this case, we conclude that Faye was related to Eugene "within the second degree of . . . affinity" pursuant to § 25-21,237. The relationship between Faye and Eugene arose as a result of Faye's marriage to Gordon, Eugene's son. As a result of Faye's marriage to Gordon, Eugene was Faye's father-in-law and the two were related within the second degree of affinity pursuant to the language of § 25-21,237. Because Faye and Eugene were related within the second degree of affinity, Faye was a guest passenger and is prohibited from recovering from Eugene's estate any damages resulting from the September 2009 automobile accident.

On appeal, Faye agrees that affinity is defined as the relationship which arises as the result of the marriage contract between one spouse and the blood relations of the other. However, she disagrees that Eugene is related to her by affinity. Specifically, she argues that "[t]o be related to the driver by affinity she would have to be a blood relative of the spouse of the driver" and she is not. Brief for appellant at 7. Faye's argument is without merit.

Faye's understanding of the relationship between one spouse and the blood relations of the other spouse is too narrow. Faye argues that a relationship of affinity exists only as to the spouse and not as to the blood relatives of the other spouse. To put this more simply, Faye argues that although she was related to Eugene by affinity because he is a blood relative of her spouse, Eugene was not related to her by affinity because he was related as such to only his spouse's blood relatives. Faye's argument fails, however, because when a relationship is created by marriage, or by affinity, the relationship exists between the blood relative of one spouse and the other spouse. Faye and Eugene were related by virtue of Faye's marriage to Gordon, Eugene's son. Together, they possessed a relationship by affinity, and, pursuant to § 25-21,237, such a relationship prohibits Faye from recovering any damages arising from the September 2009 accident.

On appeal, Faye also asserts that the specific language of § 25-21,237 demonstrates that the Legislature did not intend for a driver's daughter-in-law to be considered a guest passenger who is prohibited from recovering damages arising from an automobile accident. Faye bases her argument on a comparison between the language in § 25-21,237 and the language in Neb. Rev. Stat. § 76-238 (Cum. Supp. 2012), an unrelated statutory section which concerns providing effective notice of the possession of real property.

Section 25-21,237 states that a "[r]elationship by consanguinity or affinity within the second degree shall include parents, grandparents, children, grandchildren, and brothers and sisters." Faye compares this language with language in § 76-238(3)(c) which states that a relationship "within the third degree of consanguinity or affinity [as previously referred to within the statutory section] includes parents, grandparents, great-grandparents, children, grandchildren, great-grandchildren, brothers, sisters, uncles, aunts, nephews, nieces, and spouses of the same . . . ."

Specifically, Faye focuses on the language in § 76-238(3)(c) which explicitly includes in the definition of a relative within the third degree of consanguinity or affinity the spouses of blood relatives. Faye asserts that if the Legislature had intended for the spouse of a blood relative of the owner or operator of an automobile to be a guest passenger pursuant to § 25-21,237, the Legislature would have included an explicit reference to the spouses of the blood relatives in its list of relatives within the second degree of consanguinity or affinity as it did in § 76-238(3)(c). We find Faye's assertion to be without merit.

[6] In construing the meaning of a statute, a court must examine the statutory section as a whole, rather than focusing on individual, separate parts of the statute. See *In re Application of Rozgall*, 147 Neb. 260, 23 N.W.2d 85 (1946). In fact,

> [I]t is a cardinal rule of construction of statutes that effect must be given, if possible, to the whole statute and every part thereof [and] it is the duty of the court, so far as

practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible.

*Id.* at 264, 23 N.W.2d at 89. See, also, *State v. Donner*, 13 Neb. App. 85, 87, 690 N.W.2d 181, 184 (2004) ("[i]n reading a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense").

When we read § 25-21,237 as a whole, it is clear that the Legislature did not intend that only those blood relatives specifically delineated within the statute, including parents, grandparents, children, grandchildren, and brothers and sisters, were "related to" the owner or operator of a vehicle in such a manner as to make them guest passengers who were prohibited from recovering damages. The Legislature specifically indicated that guest passengers included those individuals who were related to the owner or operator of the vehicle "as spouse or within the second degree of consanguinity or affinity." *Id.* As we discussed above, a relationship of affinity is a relationship created between a spouse and the blood relatives of the other spouse. In addition, we found that the term "in-laws" can be used interchangeably with the term "affinity." Accordingly, the statute implicitly provides that a guest passenger can be the driver's parent, grandparent, child, grandchild, or brother or sister or a spouse of such blood relatives, who would be related to the owner or operator of the vehicle by affinity. To conclude otherwise would be to ignore the specific language of the statute, which states that a guest passenger is a person who is related to the owner or operator of the vehicle within the second degree of affinity.

Additionally, we note that in § 25-21,237, the explicit list of relatives who may be considered guest passengers is not exclusive. While the statute indicates that "[r]elationship by consanguinity or affinity within the second degree shall include parents, grandparents, children, grandchildren, and brothers and sisters," the use of the term "include" indicates that the list is not meant to be exclusive. Instead, the term "include" indicates that the list is meant to provide only some of the relatives

who may be guest passengers. In fact, we read the list provided in the statute to be an explanation of the type of relative that is within the second degree of relation to the owner or operator of the vehicle, whether the relationship be one of consanguinity or one of affinity.

Based on our review, we conclude that Faye and Eugene were related within the second degree of affinity. As a result of Faye's marriage to Gordon, Eugene's son, Eugene was Faye's father-in-law and the two were related within the second degree of affinity pursuant to the language of § 25-21,237. Because Faye and Eugene were related within the second degree of affinity, Faye was a guest passenger and is prohibited from recovering any damages resulting from the September 2009 automobile accident. We affirm the decision of the district court to grant Gordon's motion for summary judgment and to dismiss Faye's complaint with prejudice.

## VI. CONCLUSION

Pursuant to § 25-21,237, Faye was a guest passenger in Eugene's automobile at the time of the accident in September 2009. As a result, Faye is prohibited from recovering any damages arising from that automobile accident. We affirm the decision of the district court to dismiss Faye's complaint with prejudice.

Affirmed.