## EX PARTE JAMES DONAHOE.

1. **Bastardy.** A proceeding under the bastardy act in conformity with the statute, where the putative father is imprisoned for non-compliance with the order of the court, will not be reviewed on application for a writ of habeas corpus.

2. ———: CONSTITUTIONAL LAW. The statute providing assessment and imprisonment of the father is constitutional without remedy for the discharge of the father other than security for the compliance with the order of the court.

ORIGINAL application for a writ of habeas corpus.

*Charles Offutt* and *Silas Cobb*, for petitioner.

*First.* That construction should be given the bastardy act, and the previous adjudications thereof, which will most nearly effect the object of the statute, best promote the ends of justice between the parties interested, and most certainly accomplish the common weal.

*Second.* The imprisonment is not authorized by the bastardy statute after taking the insolvent debtor's oath, and sections 557 and 558 of the code of civil procedure apply to bastardy proceedings.

*Third.* The previous adjudications of this court are not in conflict with the construction of the statute for which we insist.

*Fourth.* It cannot be said that this is an omitted case; the legislature had no constitutional power to authorize imprisonment without making provision for the discharge of the prisoner at some time and in some manner, which would be open alike to all men, regardless of their circumstances or condition in life.

In support of the above argument, the following cases were cited: *Perkins v. Mobby,* 4 O. St., 668. *Ex parte Cottrell,* 13 Neb., 194. *Cottrell v. State,* 9 Neb., 125. *Kremling v. Lallman,* 16 Neb., 281. *Taylor v. Mason,* 9 Wheaton, 344. *Watson v. Hull,* 46 Conn., 207. *Musser v. Stewart,* 21 O. St., 356. *Hootman v. Shriner,* 15 O. St., 43.

We beg this court's pardon when we say that the money for which this judgment against this petitioner calls is a *debt.* It is a "debt" in a "civil action," too, within the purview of the constitution of this state, section 20, article I.

We have quoted you opinions as authority for saying that a bastardy proceeding is a civil action (9 Neb., 127; 14 Neb., 210). The language of the constitution is, "No person shall be imprisoned for debt in *any* action." The language then applies to this case if the judgment rendered against the petitioner is a *debt.* Blackstone says, " The

legal acceptation of *debt* is, a sum of money due by certain and express agreement," 3 Commentaries, 154 star page; but this language is used in his text to show the distinction between the words, *debts, covenants,* and *promises,* and in the connection quoted, the author is writing specially of the common law form of the action of debt, which no longer (if indeed it ever did) obtains in this state.   We may now very properly speak of a debt being due on what was known as a covenant at common law.   At common law one was said to be indebted to another whenever he was bound by contract to pay a fixed and specific quantity of money, and the contract did not depend upon any subsequent valuation to settle the quantity of money.   In a less technical sense and in the general acceptation of the word, a debt is any kind of a just demand or claim for money.

However, conceding the absolute correctness and application of Blackstone's definition, our contention here is proper.   The judgment in this case is for a definite and certain sum of money, and is a "contract of record," and of the highest order.   Chitty on Contracts, sections 2 and 3.   1 Bouvier's Institutes, chapter IV., section 675.

COBB, J.

This is an original application for a writ of habeas corpus to the sheriff of Douglas county.

The petitioner's application shows that, on July 19, 1887, Hulda Nelson, an unmarried woman, charged him, under section 1 of an act entitled, "An act for the maintenance and support of illegitimate children," Chap. 37, 374, Comp. Stat. 1885, with the paternity of her bastard child.   On his confession to the charge he was held to bail in $500 to the next term of the district court, and failing to comply, was committed.   When the charge was called in the district court, November 11th, following, the putative father renewed his confession, an order of affiliation was made,

which charged him with the maintenance of the child in $100 yearly for fifteen years, ordered him to give security for the payment, and, in default, was committed to jail, " *there to remain until he shall comply with the requirements of the court.*"

On the 10th of December, following, pursuant to notice to the complaining witness and the county attorney of Douglas county, the petitioner was brought before the district court, took the insolvent debtor's oath, submitted proof that he was a penniless day laborer with no estate *in esse* or *posse*, and was without income except from manual labor; that he had made diligent effort to give the security required to pay the money, without avail, and on this showing asked to be discharged from custody, but upon the complaining witness' objection he was remanded to jail, and there remains.

This proceeding, under the statute, does not offer any remedy for imprisonment under it, but that of security to comply with the order of the court, nor any alternative but that of payment of the amount to the complaining witness, the mother of the child. It is not an imprisonment in aid of execution for debt to be discharged under section 557 of the code of civil procedure. It is not an imprisonment for *debt*, but to enforce the statutory penalty under a conviction of bastardy, involving a private injury and a public wrong, to be compounded only by the assent of the complaining witness, or satisfied by compliance with the terms of the statute.

The statute is not unconstitutional, and the imprisonment for bastardy is not an imprisonment for debt in contravention of section 20, article I. of the constitution of Nebraska. *Cottrell's Case*, 13 Neb., 193. The petitioner, by his own representation, is shown to be in proper custody under the forms and provisions of law, for an offense confessed in open court. Nothing is withheld or unknown of his caption and detention for this court to inquire of,

nor is there any remedy, other than acquiesence and compliance with the law, for his discharge. The writ is denied.

WRIT DENIED.

THE other judges concur.