\
LEAHLEA BROWN, APPELLEE, v. FLOYD HENDRICKS,
APPELLANT.

FILED JANUARY 5, 1918.    No. 19710.

1. **Bastardy:** ORDER FOR SUPPORT: IMPRISONMENT. When "neglect" to
comply with an order is ground for imprisonment until the order is
complied with, it is generally held to mean a careless omission of
duty, and not an omission from necessity.

2. ———: ———: ———: "NEGLECT." The question of ability to com-
ply with an order of court to make payments of money is commit-
ted to the sound discretion of the trial court. If the defendant in
bastardy proceedings has been committed to jail, and upon proper
application it is clearly proved that it is impossible to comply with
the order, he cannot be longer imprisoned for neglect or refusal
so to do.

APPEAL from the district court for Franklin county:
HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Bernard McNeny,* for appellant.

*George Losey* and *George J. Marshall, contra.*

SEDGWICK, J.

Upon trial in the district court for Franklin county
the defendant was adjudged to be the father of the
plaintiff's bastard child. In the trial of the case the
defendant introduced evidence tending to show that he
was unable to contribute to the support of the child.
The trial court entered an order requiring him to pay
$1,200 for the support of the child, in payments as
indicated in the order. The defendant has appealed,
and contends that the evidence shows that he could not
comply with the order of the court, and that therefore
the order of the court was erroneous.

The plaintiff contends that the defendant has no
remedy other than acquiescence and compliance with
the order, and that, even if the law were otherwise,
the defendant has not made it appear in this case that
the order of the district court was erroneous. The

language of the statute is: ''In case the said reputed father shall neglect or refuse to give security as aforesaid and pay the costs of prosecution, he shall be committed to the jail of the county, to remain till he shall comply with the order of the court.'' Rev. St. 1913, sec. 362. He is committed to jail solely because he neglects or refuses ''to comply with the order.'' What constitutes neglect or refusal? ''To neglect and to omit are not synonymous terms. There may be an omission to perform an act or condition which is altogether involuntary and inevitable; but neglect to perform must be either voluntary or inadvertent. To neglect is 'to omit by carelessness or design' (Webster's Dictionary), not from necessity, and there can, therefore, be no possibility of neglecting to do that which cannot be done.'' *New York Guaranty & Indemnity Co. v. Gleason,* 53 How. Pr. (N. Y.) 122. That case has been many times cited with approval by the courts of New York. When it is made to conclusively appear that his failure to comply with the order of the court is involuntary and inevitable, he cannot be said to ''neglect or refuse.'' The word ''neglect,'' used as a verb, has been many times and variously construed by the courts. When neglect to comply with an order has been made the ground of imprisonment until the order is complied with, it has generally, if not universally, been construed to mean a careless omission of duty, and not an omission from necessity. 29 Cyc. 399, and notes. In *Ex parte Donahoe,* 24 Neb. 66, it is said that such order of the trial court ''will not be reviewed on application for a writ of habeas corpus,'' and in the opinion: ''Nor is there any remedy, other than acquiescence and compliance with the law, for his discharge.'' Perhaps the court, in holding that the proceedings ''will not be reviewed on application for a writ of habeas corpus,'' took the view that the proper remedy was by petition in error (as the law then was), which would be by appeal under our present statute.

And in the statement that the remedy was by "acquiescence and compliance with the law, for his discharge," it may have been intended to refer to this rule of practice. In the later case of *Campion v. Gillan*, 79 Neb. 364, 11 L. R. A. n. s. 865, it was said:

"It is doubtful whether the question could be presented at all upon application for habeas corpus, and, even if it could, it would require a very strong showing, amounting substantially to absolute proof, so that the court would be without jurisdiction to continue the imprisonment. * * * Many states have statutes expressly providing for the discharge of the prisoner when absolutely unable to pay. It may be doubted whether any state in the Union, or any civilized country, unless it be Nebraska, has ever held that there was absolutely no remedy under such circumstances. It is frequently said that habeas corpus is not an effective remedy (citing cases). * * * Imprisonment as a punishment in such cases is not authorized. It is solely for the purpose of coercing the defendant to perform the duty which the judgment of the court requires of him. * * * But imprisonment under such order is never continued after it is made to appear that it is impossible for him to perform the thing required of him. * * * We do not regard the above cited cases, entitled *Ex parte Donahoe* (*supra*) and *Ex parte Cottrell* (13 Neb. 193), as decisive of this question."

No doubt the question of ability to comply with the order is committed to the sound discretion of the trial court. The mere fact that the defendant himself is without money or property would not necessarily be sufficient to control this discretion. In the case at bar, it does not appear that any evidence upon this question was taken, other than that of the defendant himself, and his evidence shows that his father was a man of ample means, and no reason is shown why he should not assist his son in furnishing the required

security for making these payments, which under the defendant's own evidence, the defendant would be able to pay if the undertaking was given, and he was at liberty to devote his energies to that purpose. We cannot presume that if the defendant had been committed to jail for failure to comply with the order of the court, and it had been made to conclusively appear to the court that he was unable to so comply, the court would have refused to have ordered his discharge.

It does not appear that the order of the court under the circumstances was erroneous, and the judgment is

AFFIRMED.