FRANCES BROWN, APPELLEE, V. MARTIN ECHTENKAMP, APPELLANT.

FILED JANUARY 31, 1936. No. 29468.

*Kingsbury & Kingsbury*, for appellant.

*Robert G. Fuhrman, contra.*

Heard before GOOD, DAY and PAINE, JJ., and RAPER and PROUDFIT, District Judges.

PAINE, J.

This is a proceeding, brought in the district court for Dixon county, wherein the defendant and appellant, Martin Echtenkamp, sought to be released from custody after having been committed to the county jail for failure to comply with the terms of a judgment entered against him in a bastardy proceeding.

In the original proceeding the jury returned a verdict of guilty on October 9, 1933, and he was adjudged to be the father of the bastard child of the plaintiff and appellee, Frances Brown, which was born in June, 1932. On December 13, 1933, judgment was entered by the trial court

for the payment of $1,500, $500 to be in cash and the balance at the rate of $100 each year, payable quarterly, and further provided that within 30 days he was to furnish a bond to comply with this judgment.

On January 16, 1934, on the motion of plaintiff's attorney, defendant was committed to jail for failure to comply with the judgment. On April 16, 1934, a hearing was had on his application for a release from jail, after which hearing the district court reduced the first payment to be made to only $200 in the place of $500, and, as so modified, defendant failed to comply therewith, and was remanded to the custody of the sheriff. The trial court denied his application for a release.

At the time of the hearing, October 9, 1934, defendant filed an application for release from custody, basing the same on the ground that he had no money or property to pay the judgment, and was entirely unable to obtain assistance from any relatives or other persons, and was unable to furnish a bond therefor, and on the same day filed a motion for a release from custody.

An answer was filed by the plaintiff, admitting the confinement of the defendant, and charging that the question of the defendant's ability to comply with the judgment of the district court has been fully adjudicated and is closed and determined; that the present application is an attempt to relitigate a question which is *res adjudicata*.

On October 12, 1934, a trial was had upon the issues thus presented. Evidence of a number of witnesses was taken on behalf of the defendant, but no evidence was introduced by the plaintiff. The evidence indicated that the defendant was a farm laborer, and that his father was a farmer, who owns two quarter-sections of land, subject to mortgages of $12,000, with delinquent taxes and interest, and who claims to owe, in addition, other debts of $4,600. The father of the defendant testified that he was in poor health, was about 60 years of age, needed a hired man to help him on the farm, and would be willing to give his son a job on the farm, but has refused to sign a bond for his son, insisting

that he is in such poor financial condition that it would not be accepted. The defendant's father-in-law testified that he owned 185 acres of land, mortgaged for $14,000, and that his personal property was mortgaged for $700.

Defendant's attorney insisted that the defendant is a pauper, and that he has no relatives who can assist him in giving a bond to pay this judgment, and that he has been compelled to remain in jail under section 9-106, Comp. St. 1929, which provides that, in case the defendant shall neglect or refuse to give security and pay the costs of the prosecution, he shall be committed to the county jail to remain till he shall comply with the order of the court. It is argued by the defendant that, under the evidence in this case, this constitutes a life sentence, and that in other states having similar bastardy statutes there is usually another provision in the statute under which the defendant can be relieved of the payment of the judgment when he has shown to the court that he has nothing out of which to pay, and he insists that, under authority of the case of *Brown v. Hendricks,* 102 Neb. 100, 165 N. W. 1075, it is held that a neglect to comply with an order means a careless omission of duty, and not an omission from necessity.

On the other hand, the attorney for the plaintiff insists that, while some 270 days had elapsed up to the time of the hearing, defendant had actually only been in jail 135 days, being allowed to go home when he was sick, and certain other privileges granted him, and calls attention to the fact that when he was first arrested he provided a bond for his appearance at the preliminary hearing, and on June 19, 1932, he was bound over to the district court, and he then provided a bond; that in January, 1933, while he was out of jail pending this bastardy charge, he was married to another girl, and some five months later, in May, 1933, she had their first baby, and this was while defendant was out of jail pending trial on the first charge, and later his wife had another child, and the father of the defendant is supporting his wife and her two children.

The attorney for the plaintiff says that after the hearing,

as hereinabove set out, the trial judge cut the first payment required to be made in cash to $200, and spread all of the balance of the judgment out to be paid at the rate of $25 a quarter, and plaintiff's attorney insists that the defendant's father owns a good farm, and although it has a mortgage against it, he owns personal property that is not mortgaged, and has already furnished three bonds for this same son; that defendant has had four trials or hearings, in all of which he has been ably represented by counsel, and has brought in medical testimony, as well as other testimony, and has brought a transcript and bill of exceptions to this court, and in spite of all these expenditures the defendant has never paid one penny toward the support of the plaintiff's bastard child.

A careful reading of the case of *Brown v. Hendricks, supra,* shows that in some other states provision is made for the discharge of a prisoner in a bastardy case when he is absolutely unable to pay, and that imprisonment of the defendant in such circumstances is solely for the purpose of coercing the defendant to perform the duty which the judgment of the court requires of him, but imprisonment is never continued after it is made to appear impossible to perform the thing required, citing *Ex parte Donahoe,* 24 Neb. 66, 38 N. W. 28, in which an application for a writ of *habeas corpus* was denied, and a similar application was denied in *Ex parte Cottrell,* 13 Neb. 193, 13 N. W. 174.

Bastardy is a civil action, although it may be enforced by arrest and imprisonment to require the putative father, in compliance with his moral obligation, to furnish support for his child, and to indemnify the public against liability for its care and maintenance. *In re Application of Walker,* 61 Neb. 803, 86 N. W. 510.

In *Campion v. Gillan,* 79 Neb. 364, 112 N. W. 585, defendant had a judgment entered against him in the sum of $1,000, and while he was in jail in Seward county Governor Mickey issued an order to the sheriff for his release. In this opinion, *Ex parte Donahoe, supra,* and *Ex parte Cottrell, supra,* are each discussed at length.

Bastardy is not a crime, and, therefore, imprisonment therefor is not considered as imprisonment for a crime. The question is asked, "Can a governor remit a civil obligation? Can he relieve the reputed father from his obligation to support his illegitimate child?" The answer is, no.

In all of these cases the question of the ability of the defendant to comply with the judgment is committed to the sound discretion of the trial court, who, in the case at bar, had the advantage of this court in that he had all of the witnesses before him, especially the defendant. This court cannot presume that the trial court was convinced of the utter inability of the defendant to meet the judgment, or any part thereof, and refused to grant him some relief; but, on the other hand, it appears that the trial court made a very generous modification of the original judgment, and required but the sum of $200 to be paid at once and the balance to be paid in small payments of $25 every three months.

The attorney for the defendant calls our attention to *Maryott v. State*, 124 Neb. 274, 246 N. W. 343, which was a contempt proceeding growing out of a divorce case, and it was held that a husband should not be committed to jail for his refusal to pay alimony unless his refusal is wilful and contumacious, but we do not believe that this holding in a divorce case is a precedent for a similar holding in a bastardy case where the defendant has not yet paid one cent toward the support of his child.

The evidence indicates that the defendant has usually worked for his father, and that when working for his father he has earned $20 a month. The evidence of the defendant does not convince this court that it is absolutely impossible for him to either furnish a bond or to comply with the judgment of the court, but rather indicates to the contrary, and the action of the trial court in this matter is hereby

AFFIRMED.