HAROLD W. SULLIVAN, APPELLANT, v. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, A CORPORATION, APPELLEE.

70 N. W. 2d 98

Filed May 6, 1955. No. 33680.

*David D. Weinberg* and *Smith & Smith,* for appellant.

*Kennedy, Holland, DeLacy & Svoboda* and *William P. Mueller,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action to recover damages for personal injury based on the alleged failure of the defendant to perform duties of maintenance and repair of streets and tracks in accord with the provisions of its franchise. Issues were made and trial was had. At the close of plaintiff's case-in-chief, the trial court, on motion of

the defendant, dismissed the action. Plaintiff appeals. We affirm the judgment of the trial court.

Tenth Street in the city of Omaha runs north and south. It is paved with brick. Defendant operated its streetcar line on double tracks in the street, each consisting of two rails. The space between the two pairs of tracks is referred to in the evidence as the dummy. We will use that description.

About noontime on August 27, 1951, plaintiff, in his car, drove out of an alley from the west and started across the tracks in an easterly direction, intending to drive to the east side of the street to go north. There were no visible defects in the pavement. It was like a floor. As his front wheels passed the east rail of the west pair of tracks, the pavement in the dummy gave way and fell into a cavity beneath it. Plaintiff accelerated his motor speed. The front wheels went across the opening which resulted from the fall of the pavement. The rear wheels dropped into the hole. The car stopped with its front wheels beyond the east rail of the east pair of tracks. The rear wheels were in the hole in the pavement. The rear end of the car body rested on the pavement between the two rails of the west pair of tracks. Plaintiff was injured.

In the construction of the pavement between the rails of the track concrete was poured between the ties. The concrete base, the ties, and the flange of the rails supported the bricks above. The pavement that fell into the hole was that in the dummy, excepting the two rows of bricks laid parallel to the rails which were supported by the ties, concrete, and flange of the rails.

Obviously, there was a cavity beneath the pavement of the dummy. What caused it or when it occurred does not appear in the evidence except the suggestion that there "had been an old cable line in there at one time." This was given as a location of the bottom of the hole, rather than the cause.

The evidence is that the opening on the surface was

about 4 feet wide and 10 to 12 feet long, and entirely within the dummy. The hole was 4 to 6 feet deep.

Plaintiff contends that there is evidence in the record from which it could be found that the cavity was wider at the bottom than at the top. Such a conclusion would be contrary to the evidence of the foreman of the city crew that did the repair work. His testimony is that the hole was straight down from the rails, and that the dirt had caved in at the top beneath the rails.

Plaintiff's theory is that the cavity, before the cave-in, extended beneath the rails. As we view the controlling issue here, we need not determine the sufficiency of the evidence to sustain that conclusion.

Plaintiff relies on what he terms the contractual duty of the defendant arising under its franchise. The provisions of the franchise require the defendant "to pave or repave * * * all the space between their rails" and "to keep that portion of the street which they are herein required to pave and repave, in good and proper repair * * *." Plaintiff contends that this is a duty applicable depthwise, and requires that they keep the soil beneath the paving in repair.

Plaintiff then relies on the provision that: "The tracks of all railway companies when located upon the streets or avenues of the city, shall be kept in repair and safe in all respects for the use of the traveling public, such companies shall be liable for all damages resulting by reason of neglect to keep such tracks in repair or for obstructing the streets or avenues of any such city, for injuries to persons or to property arising from the failure of such company to keep their tracks in proper repair and free from obstructions and the city shall be exempt from liability."

Plaintiff alleged the provisions of the ordinance, the events that occurred, and "That the collapse and sinking of the pavement as aforesaid was the direct and proximate result of the neglect of the defendant to keep its tracks at said place in proper repair."

Plaintiff's position is that defendant had a duty to repair the hidden cavity that existed some feet below the surface, and which plaintiff contends was in part under the "space between their rails." He contends that the word "neglect" as used in the charter provision is not synonymous with negligence. "Rather, it means omission or failure to perform without implying carelessness." Plaintiff presented his case on that theory.

He further contends that performance of defendant's charter imposed duties is not conditioned upon notice of the defective condition.

The difficulty with plaintiff's contention is that we have adopted a different meaning of the word "neglect." We have held: " 'To neglect and to omit are not synonymous terms. There may be an omission to perform an act or condition which is altogether involuntary and inevitable; but neglect to perform must be either voluntary or inadvertent. To neglect is "to omit by carelessness or design" (Webster's Dictionary), not from necessity, and there can, therefore, be no possibility of neglecting to do that which cannot be done.' " Brown v. Hendricks, 102 Neb. 100, 165 N. W. 1075.

To "omit by carelessness or design," imports an omission either by negligence or by intention.

We see no need to review extensively the decisions of other courts. We refer to one. South Carolina had a statute which made a city liable for injuries received through a defect in any street. The statute provided: "The said corporation shall not be liable unless such defect was occasioned by its neglect or mismanagement: * * *." 1 Code of Laws of South Carolina, 1902, § 2023, p. 777. The Supreme Court construed the statute in Berry v. City of Greenville, 84 S. C. 122, 65 S. E. 1030, and held: "The 'neglect' mentioned in the statute is the same as negligence, which is the want of ordinary care."

Assuming that a part of this cavity was beneath the rails of defendant's tracks and therefore, depthwise, in the space between their rails, how can it be said that

the defendant was negligent in failing to repair a cavity, hidden in the earth, and about which it had no notice, or notice of facts which would have caused it to investigate the subsurface condition? We see no basis for such a holding.

While maintaining that notice is not necessary, plaintiff contends that the city had actual "notice of an unsubstantial, defective subsurface condition, existing where plaintiff was injured."

The evidence is that there was a cave-in in the street half a block away, and another one about 2 blocks away, from the one involved here. One of these occurred about 3 years and the other occurred about 4 years before this cave-in involved here. Both were outside the space between the rails of the defendant. Both were repaired by the city. No connection is shown between those events and the cave-in in question here. All that appears is that they were holes, and so was this one.

The plaintiff suggests that defendant should have undertaken an "examination by probing" in the area. This is a contention that the defendant was negligent for failure to probe for cavities in the city streets. We see no basis for imputing notice to the defendant based on these two remote-in-time-and-location cave-ins.

Plaintiff further argues that defendant is liable for failure to keep its "tracks in proper repair and free from obstructions." Its tracks, as such, are not shown to have been out of repair. Assuming, but not deciding, that "tracks" here could be construed to include also the space between the rails, this argument resolves down to the contention that the cavity was an obstruction. Hence it is the argument in effect that we have determined adversely to the plaintiff.

Finally plaintiff argues that section 25-1315.01, R. R. S. 1943, requires that a motion for a directed verdict shall "state the specific grounds therefor" and that the defendant's motion did not do so. Plaintiff contends that it was error to sustain the motion. Reliance is had on

Segebart v. Gregory, 156 Neb. 261, 55 N. W. 2d 678.

Defendant's motion here was for a dismissal for the reason that "the evidence so far introduced is not sufficient to constitute a cause of action in favor of the plaintiff and against the defendant, for the reason that there is no evidence showing or tending to show any negligence on the part of the defendant, or any other acts causing or proximately causing or contributing to the cave-in in question."

The motion was specific as to defendant's "grounds." Plaintiff's contention is that the ground was not good because "negligence is not an element in the case." We have determined otherwise.

The motion was sufficient.

The trial court properly sustained the motion for dismissal. The judgment is affirmed.

AFFIRMED.