FRANK MCARDLE ET AL., APPELLANTS, v. SCHOOL DISTRICT
OF OMAHA, APPELLEE.

136 N. W. 2d 422

Filed July 23, 1965. No. 35948.

George B. Boland and A. J. Whalen, for appellants.

W. Ross King, for appellee.

Heard before WHITE, C. J., CARTER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and WESTERMARK, District Judge.

BROWER, J.

The appellants, Frank McArdle, Clarence McArdle, Lawrence McArdle, Henry McArdle, Donald McArdle, Marie Paasch, Alice Whiteaker, Henrietta McArdle, and Beverly McArdle, as plaintiffs, brought this action to quiet title in them to a tract of land approximately 12 rods square against the School District of Omaha, the defendant and appellee herein. The parties will be referred to herein as designated in the trial court. From a judgment dismissing their petition the plaintiffs have appealed.

There is little dispute concerning the pertinent facts herein. They are generally admitted by the pleadings or set out in a stipulation of the parties. Other testimony was not refuted.

The stipulation of facts set forth that in the year 1862, John McArdle, then being owner of the land involved, executed a deed to the Board of Education of School District No. 19 in Douglas County, Nebraska. Said school district was on September 8, 1958, annexed by the School District of Omaha which is now the owner of the real estate subject only to the rights, if any, of the plaintiffs. The deed of John McArdle in 1862 contained the following provision:

"* * * and it is hereby agreed between the parties hereto that said land shall be used only and solely for the erection of a schoolhouse thereupon, to be used as such for said Township, or any Sub-division thereof which may hereafter be made of said Township, including said described land within its limits and jurisdiction, and if said Board of Education shall not, within one year from date hereof, build a schoolhouse as aforesaid, on said land, or if said Board of (or) their successors in office, shall at any time hereafter, refuse or neglect to use said premises for a schoolhouse, as aforesaid, then in either case said land shall revert to the said John McArdle,

his heirs or assigns, and this conveyance ·shall be null and void."

Within 1 year from the giving of said deed, a schoolhouse was built on said tract and was continuously used for a schoolhouse from that date until the month. of August 1959. John McArdle, the grantor, died in Douglas County, Nebraska, July 8, 1918. The will of John McArdle was duly admitted to probate in the county court thereof. It devised the residue of his estate to Joseph McArdle, his son.

The plaintiffs are all the beneficiaries and devisees under the will of Joseph McArdle who died April 15, 1954, in Douglas County, Nebraska, and whose will was admitted to probate.

Aside from the quoted provisions in the deed of John McArdle to the Board of Education in 1862, the contents of the deed are not before us. There had been no entry upon the premises although the photographs show the schoolhouse boarded up and the premises vacant. The plaintiffs' claim rests therefore as residuary beneficiaries and devisees of Joseph McArdle who was a devisee of the grantor John McArdle.

Construction of Interstate Highway No. 280 on the east of said premises resulted in the closing of county road No. 88B, known as the Old Dodge Road, which extended in a general east and west direction immediately south of the schoolhouse. This together with the elimination of an overpass across U. S. Highway No. 30 north of the school cut off access from the north and east. It necessitated the crossing of U. S. Highway No. 30 by pupils living north thereof. It was stipulated the assistant superintendent, if called, would testify that in the 1958 and 1959 school census it showed there were 184 children in the district. Using One Hundred Fourth and Dodge Streets a short distance north of the district as the center of the district, 101 children lived in the northwest quadrant, 53 in the northeast quadrant, 26 in the southwest quadrant, and 4 in the southeast quad-

rant. Because of the analysis indicating a loss of access from the east and hazards for pupils living north of U. S. Highway No. 30 in crossing that highway to reach the school, the use of the property for school purposes was discontinued.

The trial court held in favor of the defendant, dismissed the plaintiffs' petition, and quieted title in the defendant. It gave several reasons for its ruling, some of which are unnecessary for us to discuss. It held that the school district did not "refuse" or "neglect" to use the property involved for a schoolhouse, but was compelled to discontinue the use of the property by the construction of the interstate highway which cut off access to the property. Other reasons were given which are not necessary to be discussed. It further held that the provisions of the act regarding alienation of future interest, Laws 1959, chapter 350, page 1237, now sections 76-299 to 76-2,105, R. S. Supp., 1963, were constitutional and prevented reverter or a judgment for the plaintiffs.

The plaintiffs have appealed to this court. They assign error to the trial court in holding that the school district did not refuse or neglect to use the property involved for a schoolhouse as provided for in the deed, that the discontinuance of such use resulted in a reverter, and that the act concerning alienation of future interest was constitutional.

"An estate in fee simple subject to a condition subsequent is created by any limitation which, in an otherwise effective conveyance of land, creates an estate in fee simple and provides that upon the occurrence of a stated event the conveyor or his successor in interest shall have the power to terminate the estate so created." Ohm v. Clear Creek Drainage Dist., 153 Neb. 428, 45 N. W. 2d 117. The plaintiffs' petition alleged and both parties here assert that the provision of the deed with respect to the refusal or neglect to use the premises for a schoolhouse is a condition subsequent.

Erskine v. Board of Regents, 170 Neb. 660, 104 N. W.

2d 285, was a case construing a will which had devised land upon certain conditions with respect to the building of a fence about it with a provision for a gate, and providing that scholarships were to be provided for by the Board of Regents of the University to whom the devise had been made. Certain of these conditions had not been fully performed. This court there held: "Estates upon condition subsequent, which, after having become fully vested may be defeated by a breach of condition, are not favored in law. * * * Conditions subsequent contained in a devise of real estate will be construed most strongly against contingent devisees and a forfeiture will not be enforced unless clearly established. * * * To constitute a breach of condition subsequent in a devise relating to maintenance or use of the land conveyed, there must be such neglect to comply as to indicate an intention to disregard the condition. * * * In such a case it is not enough to show that the letter of the condition is violated; it must appear that its true spirit and purpose have been intentionally disregarded by the devisee." We think the same applies to a deed with a condition subsequent.

It is to be noted in the case before us that the clause affecting the future maintenance of the premises for a schoolhouse stated that it should revert to John McArdle or his heirs or assigns if the board or its successors should at anytime hereafter "refuse" or "neglect" to use said premises for a schoolhouse.

In Sullivan v. Omaha & C. B. St. Ry. Co., 160 Neb. 342, 70 N. W. 2d 98, this court held: "To neglect and to omit are not synonymous terms. There may be an omission to perform an act or condition which is altogether involuntary and inevitable; but neglect to perform must be either voluntary or inadvertent. To neglect is to omit by carelessness or design, not from necessity."

It is apparent from the cases we are about to review that where property is conveyed upon condition that it is to be used for a certain purpose and in the event it is

not so used title is to revert to the grantor or his heirs, there is not a breach of condition if the property is used for the purpose designated for a long-continued period and thereafter is not so used because changed conditions over which the grantee had no control render such use impractical and ineffectual to accomplish the original purpose contemplated. The case of Carey & Bro. v. City of Casper, 66 Wyo. 437, 213 P. 2d 263, was a case that was decided on the demurrer to the petition which alleged a warranty deed had been given conveying land in fee to the city on condition that the land be maintained for a city hall and public park, or the land would revert to the grantors. Modifications followed which allowed construction of a city-county building. Thereafter the city allegedly used the city hall building thereon for 20 years. It then built another elsewhere and for most of the next 7 years the city rented portions of the old building to private persons and federal agencies without disposing of the premises. The court held that the change of the use alleged did not result in the forfeiture of the title and revert to the grantor's corporate successors. It held also that the grantor should have exercised his right of reverter by reentry on the conditions quoted which was not shown. This case cites many cases in which after long use the grantors of a conditional estate had attempted to recover the premises. Among them is Cunningham v. New York Central R. Co., 114 Ind. App. 90, 48 N. E. 2d 176, where the court in its discussion stated: "Conditions subsequent, having the effect in case of a breach to defeat estates already vested, are not favored in law, and hence always receive a strict construction. Hunt v. Beeson, 1862, 18 Ind. 380; Jeffersonville, Madison & Indianapolis Railroad Company et al. v. Barbour et al., 1883, 89 Ind. 375; Sheets et al. v. Vandalia Railway Company, 1921, 74 Ind. App. 597, 127 N. E. 609, and it has been held in this state that the erection and maintenance of a depot upon the land conveyed, for a long period of years, is a

substantial compliance with such a condition. Jefferson-ville, Madison & Indianapolis Railroad Company et al. v. Barbour et al. supra; Sheets et al v. Vandalia Railway Company, supra; Cleveland Cincinnati, Chicago & St. Louis Railway Company v. Cross et al., 1928, 87 Ind. App. 574, 162 N. E. 253."

O. T. Johnson Corp. v. Pacific E. Ry. Co., 19 Cal. App. 2d 306, 65 P. 2d 368, was an action for damages against the defendant railroad company for its refusal to re-convey a right-of-way of the plaintiffs' land where the agreement for the right-of-way provided that the de-fendant was to use the same for railroad purposes and was to commence the operation of passenger trains under an agreed schedule without the time for continuance of such passenger service stated. The defendant built the railroad and maintained passenger service as agreed for a period of 18 years. It was held the defendant was not bound to maintain passenger service perpetually, and upon the discontinuance of such service, no breach of condition arose which resulted in reversion of title to the plaintiffs.

Trego County v. Hays, 93 Kan. 829, 145 P. 847, was a case where the grantor deeded certain land and in the deed it was provided: " 'that the said county erect a building and maintain a county high school therein or revert to the original owner.' " The building was erected at a cost of $28,000 in which a high school was main-tained for several years. An action was brought to compel grantors to give an unqualified deed by execut-ing a new conveyance to the county for the high school or that the grantors and the trustees be barred from all interest in the land. The court in the cited case stated: "Hays and his wife contend that they should not have been decreed to have no interest in the property, be-cause, if a high school should cease to be maintained upon it, it would revert to them, or their successors, by virtue of the provisions of the deed. The soundness of their contention turns upon whether the phrase

'erect and maintain a county high school therein' should be interpreted as though it read 'erect and forever maintain', giving the clause in which it occurs the effect of a provision that the title should revert to the grantor if the maintenance of a high school upon the property should cease. * * * But in the present case the language chosen, in view of the entire situation, seems rather to impose the condition that a school shall be established upon the tract, and to vest a complete title in the public upon the fulfillment of that condition. The building has been erected and the school is established and maintained, not colorably merely, but in obvious good faith as a permanent institution. A note on the general subject includes cases holding that a condition for the 'permanent' location of a school is complied with by its maintenance for a reasonable period. (Note, 44 L. R. A., n. s., 1220, 1225.) As suggested in the note referred to (p. 1221) language providing for a forfeiture of title is construed strictly against the grantor." The court held that the grantors no longer had any interest in the property conveyed.

In Brooks v. Kimball County, 127 Neb. 645, 256 N. W. 501, a warranty deed executed in 1892 provided that Kimball County should erect and maintain a courthouse on the land. In 1928 the county built a courthouse on a different site. There was no reverter clause in the deed in this case. The courthouse had been maintained from 1893 to December 1928. The action was in equity to determine the title to the real estate and although the holding turned to a great extent on the fact that there was no reverter clause in the deed, the court cited and discussed therein many cases where such clauses were contained in the conveyance and where the use of the premises had changed. Among them was Mead v. Ballard, 74 U. S. 290, 19 L. Ed. 190, where the Supreme Court of the United States held that where a grant of land provided that a certain institution of learning then incorporated should be permanently located upon the land and the

deed contained the right of reverter if it was not so used, and such permanent location was made and the building was located on the land with the intent that it should be the permanent place of conducting the business of the corporation, and where thereafter the building was destroyed by fire and the institution subsequently erected another building on another piece of land, a substantial compliance with a condition subsequent had been made.

In United States v. 1119.15 Acres of Land, Williamson County, 44 F. Supp. 449, the government condemned certain school property which had been conveyed upon a condition that it be devoted to school purposes. The court observed that there was no evidence of any imminence or likelihood of abandonment of the school until the property was condemned. It held that the use had been for school purposes without interruption for many years and the entire award on condemnation should be paid to the school trustees.

In Board of Commissioners v. Young, 59 F. 96, the court said the plaintiff ought not to recover because the forfeiture is excused when the act of the law has prevented the further use of the estate for the public purposes intended by the grantor. These lots were used for burial purposes so long as such use was permitted by law. The cessation was the direct result of the law which prohibited a longer use.

The trial court also quieted title in the defendant. The evidence shows quite clearly that the nonuse of the premises for school purposes was not due to "refusal" or to "neglect." It was due to the construction of the interstate highway and the removal of the overpass over Dodge Street, concerning which the defendant had no control. Thereafter when these changes occurred it is shown that six-sevenths of the pupils of school age in the locality could not safely cross Dodge Street and could not cross the interstate highway at all. It was with this in view that the school was closed. The school was

maintained for 97 years. The photographs of the school-house indicate it is a substantial building, obviously containing room for two or three grades. It appears that only 26 students of school age which includes children who would naturally attend high school were all that were left in the area accessible to the school without risk. Considering the circumstances that affected the substantial use of the premises for a schoolhouse and schoolgrounds have been destroyed by the action of the state, we are constrained to find as the trial court found that the defendant school district did not "refuse" or "neglect" to use the property involved for a school-house but was compelled to discontinue the use by the construction of the highways cutting off the access. We further find that due to the length of time since the execution of the deed and the changed condition, the reversionary clause in this deed has served its purpose and has become obsolete, and it would be inequitable to enforce it; and that the judgment of the trial court in quieting the title in the defendant was entirely justified.

We do not reach and cannot properly consider the constitutionality of the statute abolishing reverters in certain instances because it is not necessary to do so.

The judgment of the trial court is right and should be and is affirmed.

AFFIRMED.