MARY KAY RIEDERER, APPELLANT, V. JEROME SICIUNAS, APPELLEE.

228 N. W. 2d 283

Filed April 24, 1975. No. 39734.

Jerrold L. Strasheim of Venteicher & Strasheim, for appellant.

Robert P. Miller, for appellee.

Heard before SPENCER, BOSLAUGH, CLINTON, and BRODKEY, JJ., and RONIN, District Judge.

RONIN, District Judge.

This is an application brought by the plaintiff, Mary Kay Riederer, on June 29, 1973, for an increase in an amount of child support payments from the defendant, Jerome Siciunas, due to a change of circumstances. Plaintiff had previously in this case filed a paternity action against the defendant in the District Court for Douglas County, Nebraska. The defendant was adjudged therein to be the father of the plaintiff's minor child born out of wedlock, and on March 29, 1963, a judgment and decree was entered ordering the defendant to pay

the sum of $40 per month for the support of said child together with certain birth-connected expenses. The record discloses that the defendant has paid all sums then due under the provisions of the decree.

After a hearing on said application, the trial court denied plaintiff's application for increase in the amount of child support for her said child. Plaintiff's motion for a new trial was overruled and plaintiff appeals from that order.

The trial court in its judgment order gave its reason for dismissal of the application as follows: "Section 42-312 relating to Divorce or Annulment specifically provides for revising or altering the Decree if the circumstances of the parties change or the best interests of the children demand. This is a special statutory proceeding. No such provision is found in Chapter 13 and, accordingly, the Court finds that the Application should be and is denied."

The primary issue herein is whether the court has the authority to modify the amount of child support in a paternity action decree because of a change of circumstances.

We are in agreement with the contention of the defendant that Chapter 13, R. R. S. 1943, which generally provides for "Children Born Out of Wedlock," conflicts with the common law rule and must be strictly construed. Timmerman v. Timmerman, 163 Neb. 704, 81 N. W. 2d 135 (1957).

The plaintiff relies on section 13-102, R. R. S. 1943, as expressly providing statutory authority for the granting of her application. This section provides in part as follows: "The father of a child whose paternity is established either by judicial proceedings or by acknowledgment as hereinafter provided shall be liable for its support *to the same extent and in the same manner* as the father of a child born in lawful wedlock is liable for its support." (Emphasis supplied.)

The trial court in its order made reference to section

42-312, R. R. S. 1943, which authorized the modification of decrees in divorce or annulment actions if the circumstances change or the best interests of the children demand such change. It is to be noted that the above section cited by the trial court was repealed prior to the filing of plaintiff's application herein by Laws 1972, L. B. 820, § 35. However, this section was replaced by similar provisions enacted in section 42-364, R. R. S. 1943, and this discrepancy would make no difference in the reason given by the trial court for its ruling.

Plaintiff also relies on two cases of this jurisdiction to support her contention. In Brown v. Echtenkamp, 130 Neb. 297, 264 N. W. 757 (1936), the trial court modified its original support decree to reduce the amount of the payments. This court approved of this procedure. The court's syllabus states: "It would be proper in any case in which the trial court was clearly convinced of the utter inability of the defendant to furnish a bond, or to meet the payments fixed, to grant a defendant some modification of the terms thereof." The defendant points out that this case was brought under the previous statute which was different than section 13-102, R. R. S. 1943, the one involved in this action. See § 9-106, Comp. St. 1929. There are differences in these statutes but there is one pertinent similarity. Neither statute specifically allows for a subsequent modification of a support decree in a paternity action, which procedure was affirmed in Brown v. Echtenkamp, *supra.*

Plaintiff also cites Taylor v. Stull, 86 Neb. 573, 125 N. W. 1105 (1910), in support of her contention that the court has the authority to modify the payments of a support decree in a paternity action. In the Taylor case the trial court modified its original judgment order in a paternity action by prescribing a different rate and time of payment of child support. The judgment of the trial court was affirmed but is in reality dicta on this legal proposition as this was not an issue in the case. One of the main issues was whether an execution could

be issued on the judgment, as the only express statutory remedies to enforce the paternity judgment were by imprisonment or by bringing suit on the defendant's bond. In affirming the action of the trial court, which had issued a writ of execution to enforce the judgment, this court said: "If anything had occurred which should excuse defendant from making further payments, as required by the judgment, his release could only be obtained by a further order of the court. That the court has power, upon a proper showing, to make such an order cannot be doubted." Our court then upheld the execution process on the paternity judgment notwithstanding the fact that there was no provision for it in the (bastardy) act.

This court holds that the general powers given the court in section 13-102, R. R. S. 1943, are broad and inclusive, and when correlated with section 42-364, R. R. S. 1943, are sufficient for it to be authorized to modify the amount of child support in a paternity action if there has been a change of circumstances. To hold otherwise the court would be prevented from treating the liability for a child born out of wedlock in the same manner and extent as the liability for support by the father of a child born in wedlock.

The defendant asserts the defense of res judicata and states in his brief that there is no Nebraska authority on this question. The authorities cited by the defendant are to the effect that a final adjudication in a paternity proceeding against a man being charged with being a father of an illegitimate child is a bar to a subsequent prosecution on the same charge. See Annotation, 37 A. L. R. 2d 836. The cases cited therein generally refer to situations where the defendant is found to be not the father of the illegitimate child after trial, and then is subjected to a different civil action by a guardian ad litem of the child, or the child's mother. Other actions involve a compromise settlement in which the defendant expressly denies being the father of a child but agrees

to make certain specified payments in a judgment order expressly approved by a court. It is generally held in those cases that such judgments are a bar to a subsequent paternity action involving the same issues. This is not the situation in the case before us. The defendant herein was found to be the father of the illegitimate child after trial. There was no compromise settlement or release of any kind given by plaintiff. This court holds that the defense of res judicata is not valid under the facts of this case.

Plaintiff further contends that if section 13-102, R. R. S. 1943, is interpreted in such a manner that subsequent modification of a child support decree is not allowed in this action when warranted by changed circumstances, then such statutory provisions are an unconstitutional denial of the equal protection of the laws secured to all persons under the Fourteenth Amendment to the United States Constitution. By reason of our interpretation of the foregoing statute it is not necessary to consider the constitutional question raised by plaintiff.

The trial court granted the parties a full hearing on plaintiff's application which included the issue on whether any change in circumstances warranted an increase in the amount of the child support. This issue is properly before the court even though the trial court did not rule on it.

The essential facts in the record in this case on this issue are these: At the time of the hearing on plaintiff's application, the defendant had been employed as a dock supervisor for a trucking company for a period of approximately 5 months with a gross income of $1,000 a month, with a take-home pay of approximately $770 each month. His income for the year 1973 amounted to $8,030.69. The defendant purchased an equity in two rental properties one of which he had attempted to sell and on which he took a small loss. The other property is a duplex which he has recently purchased. The de-

fendant testified he had not owned the duplex property long enough to know how he was going to come out on his investment in which he had an equity of about $1,500. This court is also of the opinion and finds that the defendant should not be charged with any income from either of his two rental properties at this time in determining the amount of child support herein, although this may later be an income factor after he has rented the duplex for a longer period of time.

The defendant was 36 years of age at the time of the hearing on January 3, 1974. He married his present wife prior to the original trial of this action on February 4, 1963. The defendant's wife is employed as a part-time bookkeeper and contributes to the household expenses. The defendant has two children by this marriage, a son born in 1963 and a daughter born in 1965, and his marriage has the appearance of being a stable one.

The defendant and his wife are joint owners of their home and automobile both of which are mortgaged. The value of the home was fixed between $20,000 and $22,000 and the mortgage is $12,000. Various expenses of the defendant were placed in the record and it was his testimony that he had approximately $22.46 each month left out of his earnings to buy groceries. The support order of $40 per month for the subject child of this action has been regularly paid.

The plaintiff was earning about $30 a week at the time of the original trial and lived with her parents. She later attended college and secured her Master's Degree. Her present employment is as a social worker for the Nebraska Psychiatric Institute with a yearly salary of $12,200 and a take-home pay of $274.15 every other week. Plaintiff has never married and the subject child resides with her. Plaintiff purchased her home in 1972 for $20,000 which is subject to two mortgages totaling around $14,500. Her only other income is the $40 per month support from the defendant. Her ex-

penses incurred directly for her child are substantially in excess of the amount paid by the defendant.

However, it is still incumbent upon the plaintiff to prove by a preponderance of the evidence that the defendant has the present financial ability to pay more child support by reason of the change in circumstances of both parties. The question at this time is a close one. We hold that this burden of the plaintiff has not been met, and that her application to increase the amount of child support should be dismissed on the merits and not for the reason given by the trial judge.

A proper judgment will not be reversed because the trial court gave an erroneous reason for its rendition. Elander v. Kellogg Grain Co., 174 Neb. 782, 119 N. W. 2d 522. We affirm the judgment of the trial court.

AFFIRMED.