EDWARD F. SAUNDERS, JR., AND GERTRUDE A. SAUNDERS BREDTHAUER, APPELLEES AND CROSS-APPELLANTS, V. MARY L. REBUCK, A SINGLE PERSON, ET AL., APPELLEES AND CROSS-APPELLEES, AND JACK R. WICKER AND CHARLES D. HAHN, APPELLANTS AND CROSS-APPELLEES.

496 N.W.2d 472

Filed March 5, 1993.   No. S-90-527.

Charles D. Hahn for appellants.

William G. Blake, of Pierson, Fitchett, Hunzeker, Blake & Loftis, for appellees Saunders and Bredthauer.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

This is a suit to quiet title to a tract of river bottom farmland situated on the east side of the Missouri River. The land involved in this case is adjacent to and west of the property involved in case No. S-90-458. See *Nennemann v. Rebuck, ante* p. 604, 496 N.W.2d 467 (1993). It is described in the petition as "[t]he W1/2 of the NW1/4 and the W1/2 of the SW1/4 of Section 33, Township 7 North, Range 15 East of the 6th P.M., Otoe County, Nebraska, and all accretions thereto."

The plaintiffs in this case are Edward F. Saunders, Jr., and Gertrude A. Saunders Bredthauer.

The plaintiff Edward F. Saunders, Jr., testified that his mother and father, Edward and Ann Saunders, purchased the property under a Missouri description from Robert and Bessie Case in 1945. The Saunderses themselves farmed the land for several years. Thereafter, tenants farmed the land on their behalf. Ann Saunders managed the property after her husband's death. In 1974, Edward, Jr., inherited a life estate in the property in question from his mother, with the remainder to his daughter, Gertrude Saunders Bredthauer. Since that time, Edward, Jr., has managed the property. Edward, Jr., first learned in 1988 that Nebraska claimed and taxed the property in question when he attempted to sell the property to Michael Binder. In 1989, Binder farmed the property as the Saunderses' tenant. Crops have been grown on the land in question since the time the land was purchased by the plaintiffs' parents, with the exception of 1984, when the land was flooded and was incapable of being farmed.

The plaintiffs also claim title by adverse possession.

The principal defendants are Jack R. Wicker and Charles D. Hahn, who filed an answer and cross-petition in which they claimed title under certificates of tax sale issued by Otoe County, Nebraska, and alleged that they have been in adverse possession of the property.

The trial court found generally in favor of the plaintiffs, finding that the plaintiffs had been in adverse possession of the property for more than 10 years prior to the filing of the petition and that the defendants had not been in adverse possession of the property. The trial court quieted title to the property in the plaintiffs and dismissed the cross-petition of the defendants. From that judgment, the defendants Wicker and Hahn have appealed.

The assignments of error in this case are identical to the assignments of error in case No. S-90-458 and present the same issues as those raised in *Nennemann v. Rebuck, supra*, decided today. Our decision in that case is controlling so far as the issues in this case are concerned.

It is clear from the evidence in this case that the plaintiffs have farmed the disputed property under a claim of right for a period well beyond the statutory 10-year period. The plaintiffs' acts of farming the land and ejecting trespassers from the land are consistent with those acts performed by owners and was evidence of a claim of title adverse to the defendants.

The evidence established that the land in question was farmed to the extent possible either by the plaintiffs or by their tenants.

There was evidence that the plaintiffs had paid Nebraska real estate taxes on the property for several years and redeemed tax sale certificates on the land in question. This is a factor to be considered when determining whether the elements of adverse possession have been satisfied.

There is no evidence that the defendants were ever in possession of the property. The fact that trespassers may occasionally have hunted or fished upon the property without permission was not sufficient to interrupt the possession of the plaintiffs. The record fully supports a finding that the plaintiffs had been in adverse possession of the property for more than the statutory period.

At the close of the plaintiffs' evidence, the plaintiffs were granted leave to amend their petition to conform to the proof by excluding a small strip of land along the west edge of the land described in the petition and by including a small strip of land along the east edge of the land described in the petition. By

cross-appeal, the plaintiffs have noted that the judgment of the district court failed to include these amendments in the description of the land to which title was quieted in the plaintiffs. For that reason, the judgment should be modified to describe the land to which title is quieted in the plaintiffs as follows:

[T]he West Half of the West Half of Section 33, [except that portion described as follows:] Beginning at the northwest corner of the West Half of the West Half (W$^1$/$_2$W$^1$/$_2$) of Section 33, Township 7 North, Range 15 East of the 6th P. M. in Otoe County, Nebraska, and running thence East for 80.4 feet along the north line of the said W$^1$/$_2$W$^1$/$_2$; thence Southerly for 4676 feet to the left bank of the Missouri River; thence Westerly for 40 feet along the said left bank to the west line of the said W$^1$/$_2$W$^1$/$_2$ and thence North 4675 feet along the said west line to the point of beginning [and also including that portion of the East Half of the West Half of Section 33 described as:] Beginning at the northwest corner of the East Half of the West Half (E$^1$/$_2$W$^1$/$_2$) of Section 33, Township 7 North, Range 15 East of the 6th P. M. in Otoe County, Nebraska, and running thence East for approximately 108 feet along the north line of the said E$^1$/$_2$W$^1$/$_2$; thence Southerly for approximately 4717 feet to the left bank of the Missouri River; thence Westerly for approximately 8.5 feet along the said left bank to the west line of the said E$^1$/$_2$W$^1$/$_2$ and thence North for approximately 4716 feet along the said west line to the point of beginning. . . .

The judgment of the trial court as modified is affirmed.

AFFIRMED AS MODIFIED.