CITY OF LINCOLN, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE, V. TOWNHOUSER, INC., DAKOTA PLACE, INC., AND WILLIAM KREIN, APPELLANTS.

534 N.W.2d 756

Filed July 21, 1995.   No. S-93-1036.

Mark A. Hunzeker, of Pierson, Fitchett, Hunzeker, Blake & Loftis, for appellants.

William F. Austin, Lincoln City Attorney, and Steven Huggenberger for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

LANPHIER, J.

The property at issue is a 19.1-acre tract which appellants, Townhouser, Inc.; Dakota Place, Inc.; and William Krein, conveyed to the City of Lincoln (City) for use as a park. If development of the park was not commenced within 7 years of the date of acceptance, the conveyance provided appellants the right to reenter. Claiming that development had not been commenced within the required time, appellants gave notice to the City of their reentry on March 9, 1992. The City initiated this action to be declared the owner of the subject property located in Lancaster County. Appellants counterclaimed asking the district court for Lancaster County to quiet title in them. Prior to trial, the City dismissed its petition. The case was tried on appellants' counterclaim. The district court dismissed the counterclaim and adjudged the City to be the owner of the property. Appellants timely filed an appeal to the Court of Appeals, and the case was administratively removed to this court. On our de novo review of the record, we find that the condition was not violated. We, therefore, affirm the judgment of the district court.

## BACKGROUND

The property in question is a 19.1-acre tract located on the north side of Pine Lake Road between 56th and 70th Streets in Lincoln. In April 1983, appellants offered to convey this property to the City for use as a park. On July 11, 1983, the City accepted the offer. The deed conveying the property contained the following condition: "[I]f such public park development is not commenced within seven years from the date of acceptance by the Grantee of this conveyance, then the Grantors shall have the right to re-enter and repossess the premises as of their former estate and this conveyance shall be void."

The parties agree that 7 years from the date of acceptance is July 11, 1990. The issue addressed at trial was whether public park development had been timely commenced.

The City adduced evidence showing that prior to July 11, 1990, the property had been mowed, trees had been trimmed, a fence with a gate had been erected, a sign had been erected,

a property line survey had been conducted, a topographic survey had been conducted, and a conceptual master plan had been drawn, but not implemented.

Appellants adduced evidence that most of the property was farmed by a tenant through 1990. One of the appellants, William Krein, testified that the property was being farmed in the fall of 1991. Gene Meyer, the tenant who farmed the property, testified that 1990 was the last year he farmed the property. However, Mark Krumm, who mowed this property for the City, testified that there were no crops on the property in 1988, 1989, or 1990. Lawrence Findley, a district park supervisor for the City's parks and recreation department, testified that the property was not farmed after 1988.

Admitted into evidence were advertising supplements prepared by the City's parks and recreation department. Those supplements list the various parks and show the facilities available at each. Supplements submitted were those published from September 9, 1984, to January 1, 1993. The property at issue here is referred to as "Pine Lake and 60th Park," and first appears in the supplements on May 21, 1989. In that supplement, no facilities are designated as available at the property. The category "Undeveloped — Not for Public Use" was also not designated as applicable to the property. The same is true for the supplement dated January 1, 1990. However, in the March 25, 1990, supplement the property is designated "Undeveloped — Not for Public Use." The designation is the same in the May 20, 1990, supplement. None of the remaining supplements address the 7–year time period with which we are concerned.

Documents authored by the parks and recreation department called project summaries were also admitted. These summaries showed what amounts the City budgeted for the various parks. In a 1988–89 summary, the listing for the Pine Lake Road and 60th Street Park contained the following: "As part of the acquisition negotiations for this park, development must begin in the 1988–89 year. Preliminary development will be primarily landscaping and site grading." The summary showed that $5,000 was budgeted for the 1988–89 year. The 1989–90 summary stated: "This will begin development of this park per

the master plan prepared in 1988. Development will include: road, parking, grading, seeding, landscaping, playground, soccer goals, paths." The 1990–91 summary contained the exact same statement found in the 1989–90 summary and showed that $60,000 was budgeted for the year.

## ASSIGNMENTS OF ERROR

On appeal, appellants assert the trial court erred in (1) finding that the City's generalized acts of ownership and preliminary planning efforts constituted commencement of the development of a park, (2) finding that a violation of a condition in a deed which requires commencement of a course of action within a specified period of time will not create a forfeiture unless accompanied by such neglect as to show intentional disregard of that condition, (3) finding that actions taken approximately 2 years after the date of reversion and after Townhouser's declaration of reverter are relevant to the question of whether the necessary actions were undertaken within the allotted time, (4) not finding that the City had repeatedly admitted that it had not commenced development of the property as a park by July 11, 1990, and (5) adjudging the City to be the owner of the property.

## STANDARD OF REVIEW

A suit to quiet title is equitable in nature. *ADC-I, Ltd. v. Pan American Fuels*, 247 Neb. 71, 525 N.W.2d 190 (1994); *Saunders v. Rebuck*, 242 Neb. 610, 496 N.W.2d 472 (1993). In an appeal of an equity action, an appellate court tries factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court, provided, where credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Walker v. Walker Enter.*, ante p. 120, 532 N.W.2d 324 (1995); *Winberg v. Cimfel*, ante p. 71, 532 N.W.2d 35 (1995); *University Place-Lincoln Assocs. v. Nelsen*, 247 Neb. 761, 530 N.W.2d 241 (1995).

## ANALYSIS

The deed with which we are concerned provides that

appellants may reenter the property conveyed if the development of a public park is not timely commenced. Any limitation which, in an otherwise effective conveyance of land, creates an estate in fee simple and provides that upon the occurrence of a stated event the conveyor or his successor in interest shall have the power to terminate the estate creates a fee simple subject to a condition subsequent. *McArdle v. School Dist. of Omaha*, 179 Neb. 122, 136 N.W.2d 422 (1965). Thus, we are concerned with a fee simple subject to a condition subsequent.

An estate in fee simple subject to a condition subsequent which restrains alienation of the property, either directly or indirectly, is void. *Poppleton v. Village Realty Co., ante* p. 353, 535 N.W.2d 400 (1995); *State v. Union Pacific RR. Co.*, 241 Neb. 675, 490 N.W.2d 461 (1992), *opinion modified* 242 Neb. 97, 490 N.W.2d 461. However, conditions subsequent to a fee simple estate title which do not limit alienation and are otherwise valid, are enforceable if they are reasonable and do not affect adversely the marketability of the fee. *Cast v. National Bank of Commerce T. & S. Assn.*, 186 Neb. 385, 183 N.W.2d 485 (1971). The parties have not raised restraint of alienation as an issue; we assume consequently, as have the parties, that the condition does not limit alienation and therefore is valid and enforceable because it is reasonable and does not adversely affect marketability of the fee. Thus, we proceed to determine whether the condition has been met.

Estates upon a condition subsequent, which, after having become fully vested may be defeated by a breach of condition, are not favored in law. *McArdle, supra*; *Erskine v. Board of Regents*, 170 Neb. 660, 104 N.W.2d 285 (1960). Conditions subsequent contained in a deed will be construed most strongly against the holder of a right of entry and a forfeiture will not be enforced unless clearly established. *Id.* To constitute a breach of a condition subsequent in a deed relating to maintenance or use of the land conveyed, there must be such neglect to comply as to indicate an intention to disregard the condition. *Id.* In such a case, it is not enough to show that the letter of the condition is violated; it must appear that its true spirit and purpose have been intentionally disregarded by the grantee. *Id.*

In light of the evidence adduced, we cannot conclude that the condition was violated. The condition required commencement of development, not development. Moreover, the condition did not state what type of park must be developed or what facilities must be available. A park may be little more than an area maintained in its natural state. *Abboud v. Lakeview, Inc.*, 237 Neb. 326, 466 N.W.2d 442 (1991). Given the rules cited above against favoring a right of entry, very little is required to meet the condition contained in the deed.

Though little had been done to the property, we find that the condition has been met. Appellants argue that the City merely maintained the property. We disagree. Though mowing and trimming trees could be characterized as maintenance, the erection of a fence and gate clearly constitutes development. Though the evidence is conflicting on when the property was last used for agriculture, we defer to the trial judge who heard and observed the witnesses and apparently accepted the City's version of the facts. *Walker v. Walker Enter., ante* p. 120, 532 N.W.2d 324 (1995). Moreover, the surveying of the property and the drawing of plans show that the City had no intention of disregarding the spirit of the condition. That funds were allocated for development of the property is also indicative of the City's intention of developing the property as a park.

In light of this evidence, we conclude that the district court correctly determined that the condition had been satisfied and that appellants are not entitled to reenter the property, but that it should remain the City's. The judgment of the district court is affirmed.

AFFIRMED.

FAHRNBRUCH, J., concurs.